PEREA, DEMANDANTE Y APELADO, *v.* CASTRO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1520.—Resuelto en abril 2, 1917.

EXCEPCIONES PREVIAS—EXCEPCIÓN DE INDEBIDA ACUMULACIÓN DE ACCIONES—COSTAS Y GASTOS—HONORARIOS DE ABOGADO—LEY APLICABLE.—No hay indebida

acumulación de acciones en una demanda para el cobro del importe de una obligación y a la vez para el de los gastos, costas, intereses y honorarios de abogado dimanados de la misma, pues estipulada del mismo contrato aparece la obligación de satisfacer sus gastos.

ID.—EXCEPCIÓN DE FALTA DE CAUSA DE ACCIÓN—EXCEPCIÓN FRÍVOLA—TRADUCCIÓN DE ALEGACIONES.—Excepcionada por falta de causa de acción una demanda en cobro de una obligación porque ésta ha sido incluída y copiada en inglés sin hacerse constar su traducción al español conforme el artículo 34 del Código de Enjuiciamiento Civil, debe estimarse frívola la excepción, pues un documento redactado en inglés inserto en una demanda, no es una alegación de ella; ni puede sostener el demandado que estando en inglés la obligación no podría defenderse de ella, cuando en ese idioma fué que la suscribió.

ID.—ID.—CONDICIONES PARA PERMITIR OTRAS ALEGACIONES.—Cuando una corte de distrito, aplicando la sección 18 de sus reglas para causas civiles, después de declarar frívola una excepción previa a la demanda impone al demandado como condiciones para contestar, el pago al demandante de diez dólares como costas por la comparecencia de su abogado a la vista de la excepción y la presentación de una declaración jurada de los méritos de la causa, tal resolución no infringe el artículo 139 del Código de Enjuiciamiento Civil, ni la ley de 12 de marzo de 1908 referente al pago de honorarios de abogado, pues el mismo artículo concede al juez en ese caso la facultad de imponer condiciones para permitir una contestación y de él se deriva la regla 18 de las cortes, las cuales generalmente regulan esta materia.

ACCIONES ACUMULABLES—IMPORTE DE LAS OBLIGACIONES—JURISDICCIÓN—HONORARIOS DE ABOGADOS.—Siendo acumulables tres causas de acción en cobro de obligaciones, el importe total y nó el de las varias causas de acción acumuladas es el que determina la jurisdicción de la corte y su facultad para imponer como costas el pago de honorarios de abogado.

Los hechos están expresados en la opinión.

Abogados del apelante. Sres. *Rodolfo Ramírez Vigo* y *Pedro Baiges Gómez.*

Abogados del apelado: Sres. *Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pedro Perea Fajardo presentó demanda jurada en la Corte de Distrito de Mayagüez contra Miguel Castro Rivera, reclamándole el pago de $738.30 más los intereses, costas, desembolsos y honorarios de abogado fundándose en las siguientes causas de acción:

*Primera.*—Que según el documento que inserta en la demanda, suscrito por el demandado como deudor principal y por el demandante como fiador y vencido en 17 de octubre de

1914, se comprometieron a pagar la cantidad de doscientos pesos con sus intereses y honorarios de abogado en caso de reclamación judicial y las costas, y que en pleito que el acreedor siguió contra el demandante como consecuencia de esa obligación se dictó sentencia condenándole a pagar los doscientos pesos de la deuda, más $168.80 por costas, gastos, desembolsos, intereses y honorarios de abogado las que satisfizo el demandante y no le ha pagado el demandado.

*Segunda.*—Que también tuvo que pagar por el demandado como fiador suyo por obligación vencida y no satisfecha, según el documento que también inserta en la demanda, la cantidad de doscientos pesos más doce pesos por los intereses debidos hasta entonces, sin que tampoco el demandado se la haya satisfecho; y

*Tercera.*—Que asimismo pagó como fiador del demandado la cantidad de $150 de otra obligación vencida más $7.50 por intereses, según el documento que en idioma inglés inserta en la demanda, cantidades que tampoco le ha pagado el demandado.

El apelante, Miguel Castro Rivera, excepcionó la demanda fundándose en que contenía indebida acumulación de acciones por comprender tres causas distintas de acción por la naturaleza de la reclamación que en ellas se consignan, por la procedencia de contratos llevados a cabo en épocas diferentes y por el origen de ellas. Además alegó que por esos fundamentos la demanda no aducía hechos suficientes para determinar una causa de acción.

El día señalado para la vista de esa excepción en la corte no compareció el demandado y, a petición del demandante, recayó resolución desestimando la excepción por ser frívola y ordenando que si dentro de dos días contados desde la notificación de dicha resolución no pagaba el demandado al demandante diez pesos como costas por la comparecencia a la vista de dicha excepción y presentaba además un *affidavit* sobre la suficiencia de su defensa en los méritos de la cuestión, dictaría sentencia de acuerdo con la súplica de la demanda.

Esta resolución se basó en la regla 18 de las cortes de distrito.

Después de notificada esa resolución al demandado y de transcurrir el término que en ella se fijó solicitó el demandante de la corte que dictase sentencia por no haber cumplido el demandado con las condiciones que se le habían impuesto ni haber hecho gestión alguna para contestar la demanda y, de acuerdo con esa petición, la corte dictó sentencia condenando al demandado a satisfacer los $738.30 reclamados más los intereses legales desde la radicación de la demanda y las costas, gastos, desembolsos y honorarios del abogado del demandante, sentencia contra la cual interpuso el demandado el presente recurso de apelación.

Todo lo que alega el apelante para sostener que su excepción no fué frívola como declaró la corte inferior es que en la primera causa de acción cobra el demandante no solamente doscientos pesos debidos de acuerdo con la obligación escrita sino también $168.80 por gastos costas, intereses y honorarios de abogado, siendo así que éstos no tiene obligación de satisfacerlos de acuerdo con la ley de 12 de marzo de 1908, dictada para enmendar los artículos 327 y 339 del Código de Enjuiciamiento Civil, porque la cuantía de la obligación no llegaba a quinientos pesos y que por lo tanto se acumulan ahora dos acciones, una para el pago del capital de la fianza y la otra por un pago hecho indebidamente, las que necesitarían distintas defensas y no se refieren a contratos expresos ni tácitos por lo que entiende que no son acumulables.

Que es frívola la alegación de indebida acumulación de acciones por el motivo que se expresa lo demuestra el mismo documento que suscribió el apelante y que garantizó como fiador el apelado, pues en él se consigna expresamente que en caso de que el acreedor tuviera que reclamar judicialmente el cobro de la deuda quedaban obligados tanto el deudor como su fiador a satisfacer también los honorarios de abogado, por lo que los cobros que hace ahora el Señor Perea por ese concepto dimanan claramente del mismo contrato. *Cintrón & Aboy* v. *Solá*, 22 D. P. R. 262.

El fundamento que tiene el apelante para alegar que la demanda no aducía hechos suficientes para determinar una causa de acción porque incluye y copia una obligación en inglés sin hacer constar su traducción y sin dar conocimiento de ella a la parte demandada para que pudiera defenderse también es frívola, porque si bien el artículo 34 del Código de Enjuiciamiento Civil que el apelante considera infringido dispone que las alegaciones escritas podrán hacerse en lengua inglesa pero acompañadas de las necesarias copias en lengua española, como el apelado presentó su alegación, la demanda, en español, no infringió ese precepto, pues un documento redactado en inglés inserto en ella no es una alegación, ni puede el apelante sostener que estando en ese idioma no podía defenderse de él porque en ese idioma fué que él la suscribió, según la demanda.

Resueltas estas cuestiones, examinemos la otra sobre las condiciones impuestas por la corte al demandado para permitirle presentar una contestación a la demanda.

La regla 18 de las cortes de distrito dispone que cuando una parte interponga una excepción o moción frívola con la sola intención de demorar una demanda o contestación, no se le permitirá presentar otro alegato excepto en la forma y manera que disponga la corte y deberá también ser requerida para que presente una declaración jurada de los méritos de su causa o de la defensa.

Para demostrar el apelante que la resolución de la corte imponiéndole condiciones para presentar una contestación fué ilegal, cita el artículo 139 del Código de Enjuiciamiento Civil que dispone en uno de sus párrafos que cuando la excepción previa a la demanda es desestimada y no se presentó ninguna contestación podrá la corte, en los términos que estimare justos, permitir que se presente una contestación. Sin embargo este mismo precepto deja a la corte la facultad de permitir que se presente la contestación en los términos que sean justos, la autoriza para imponer condiciones y de aquí nace la regla 18 antes citada. Es claro que los jueces no han de

impedir caprichosamente la contestación cuando desestimen la excepción a la demanda, pero si la excepción es frívola y con el solo objeto de demorar el pleito, como en este caso, de acuerdo con el propio artículo 139 citado, puede imponer la .condición a que se refiere la regla 18 para permitirle otra alegación. Generalmente las reglas de la corte regulan esta materia. *Seale* v. *McLaughlin,* 28 Cal 672, y *Gillan* v. *Hutchison,* 16 Cal. 154.

Se sostiene también por el apelante que el juez no pudo imponerle como una de las condiciones para permitirle que presentara su contestación a la demanda el pago de diez dólares como costas por la comparecencia a la vista de la excepción, porque la materia del pago de honorarios de abogado está regulada por la ley de 12 de marzo de 1908, según la cual no podría cobrarlos el demandante por no llegar a quinientos pesos la cuantía de la primera causa de acción.

Siendo acumulables las tres causas de acción que se ejercitan en la demanda, el importe total y no el de las varias causas de acción acumuladas es el que determina la jurisdicción de la corte y la facultad de ésta para imponer como costas el pago de los honorarios de abogado. Además, el derecho para exigir el pago de la cantidad que el demandado adeuda al demandante no dimana de la ley citada sino de la regla 18 en relación con el artículo 139 del Código de Enjuiciamiento Civil.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.