RAMÍREZ, DEMANDANTE Y APELANTE, *v.* MUÑOZ ET AL., DEMANDADOS Y APELADOS.

No. 2716.—*Visto:* Junio 15, 1922. *Resuelto:* Junio 16, 1924.

JURISDICCIÓN POR RAZÓN DE LA CUANTÍA—ACUMULACIÓN DE ACCIONES.—Cuando varias causas de acción son acumulables el importe total de todas es lo que da jurisdicción a la corte; y una de distrito no deja de tenerla por el hecho de que la cantidad reclamada por una de las causas de acción no llegue a $500.

ARRENDAMIENTO—CAUSA DE ACCIÓN CONTRA SUBARRENDATARIOS.—No aduce hechos suficientes contra los subarrendatarios demandados una demanda para cobrarles mancomunada y solidariamente cánones debidos por el arrendatario, en la cual, si bien alega que se practicaron gestiones de cobro cerca de ellos, no expresa cuándo les fué hecho tal requerimiento, para conocerse desde cuándo nació su obligación para con el arrendatario ni que cuando fué hecho estuvieran adeudando cantidad alguna al subarrendador.

ID.—DAÑOS CAUSADOS A LA FINCA POR INCENDIO—ACUMULACIÓN DE ACCIONES Y DE PARTES—DEMANDA SUFICIENTE.—Una demanda del arrendador presentada después de vencido el contrato contra el arrendatario y los subarrendatarios para que entregaran la finca urbana en las mismas buenas condiciones en que la recibieron o que en su defecto paguen el importe de las obras necesarias para reparar desperfectos ocasionados en ella por incendio, no es insuficiente por el hecho de no alegarse que el incendio ocurrió por culpa o negligencia del arrendatario; ni puede concluirse tampoco que es dudosa ni que adolece del defecto de indebida acumulación de partes demandadas, pues de acuerdo con el artículo 1454 del Código Civil también los subarrendatarios son responsables para con el arrendador por los daños sufridos por la finca.

SENTENCIA de *Pablo Berga,* J. (Humacao), en acción en cobro de dinero y cumplimiento de contrato de arrendamiento, declarando sin lugar la demanda, con las costas. *Revocada.*

R. *Arce,* abogado del apelante; *F. González* y *A. L. López,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La demanda que origina esta apelación fué interpuesta en la Corte de Distrito de Humacao por el dueño de una finca urbana radicada en la ciudad de Caguas que la dió en arrendamiento a una persona, la que a su vez subarrendó por partes dicha casa a otras tres personas, estando la demanda dirigida contra el arrendatario y contra los tres subarrendatarios, alegándose en ella dos causas de acción.

La demanda fué presentada mes y medio después de vencido el término de arrendamiento y en la primera causa de acción se alega que el canon de arrendamiento fué de $70 mensuales pagaderos por mensualidades vencidas y que ni el arrendatario ni los subarrendatarios han satisfecho el precio del arrendamiento correspondiente a los cinco meses anteriores a pesar de las gestiones de cobro que ha practicado cerca de ellos por lo que se solicita sean condenados los demandados a pagar mancomunada y solidariamente al demandante los cánones de arrendamiento devengados y no satisfechos hasta que se verifique la devolución del immueble.

En la segunda causa se expone que a pesar de haber vencido el término del arrendamiento la casa continúa en la posesión del arrendatario y de los subarrendatarios a pesar de las solicitudes que el demandante les ha hecho para que se la devuelvan: que en el contrato de arrendamiento el inquilino se obligó a conservar la casa en buen estado: que la casa está parcialmente destruida, en tal condición que la hace impropia para los usos a que se destinaba cuando fué recibida por el arrendatario, debido a un incendio que comenzó en el interior de la casa: que ésta no estaba asegurada contra incendios, hecho que conocían el arrendatario

y los subarrendatarios, pero sí estaban aseguradas por $9,000 las mercancías de dos de los subarrendatarios, quienes cobraron el importe de las pólizas: que por esa época ocurrieron unos cuantos incendios en casas mercantiles de Caguas, especialmente en la zona que está situada la del demandante, y que a pesar del estado de alarma que reinaba entonces en Caguas por la repetición de los incendios, ni el arrendatario ni los subarrendatarios adoptaron medida alguna de protección, ejercieron vigilancia ni usaron de diligencia para que la casa no se quemara, y que las reparaciones que necesita la casa ascienden a $3,500 por lo que el demandante pidió a la corte que condenase a los demandados a entregarle la casa en las mismas buenas condiciones en que fué recibida por ellos o que en su defecto le paguen la cantidad que importan las obras y que le paguen también el canon de arrendamiento durante el tiempo que se emplee en ejecutar dichas obras.

Todos los demandados dedujeron contra la demanda la excepción previa de no aducir hechos determinantes de causa de acción, y el arrendatario y dos de los subarrendatarios alegaron además que la corte no tenía jurisdicción para conocer de la primera causa de acción por ser la cantidad que se cobra inferior a $500; y que la segunda causa de acción es ambigua y contiene indebida acumulación de partes demandadas y de acciones.

La corte inferior declaró que no tenía jurisdicción en cuanto a la primera causa de acción por la cuantía de la reclamación y que no aduce causa de acción contra los subarrendatarios; y en cuanto a la segunda causa de acción declaró que la demanda es dudosa, que no aduce causa de acción porque no basta alegar el incendio sino que debe alegarse también que ocurrió por culpa o negligencia de los demandados y sostuvo también que existe indebida acumulación de partes demandadas.

Habiéndose negado el demandante a enmendar su de-

manda, se dictó sentencia declarándola sin lugar y contra ella interpuso este recurso de apelación.

Aunque los cánones de arrendamiento vencidos y no satisfechos en la fecha en que la demanda fué presentada en el tribunal no sumaban la cantidad de $500 que da jurisdicción a las cortes de distrito para conocer de las reclamaciones en cobro de dinero, sin embargo, como la demanda contiene una segunda causa de acción por $3,500, de la que corresponde conocer a la expresada corte, entendemos que tenía jurisdicción para conocer también de la primera causa de acción por ser acumulable a la segunda, pues procede del mismo contrato afecto a todos los demandados y no exige distintos lugares para la celebración del juicio ya que el Juzgado Municipal de Caguas, al que hubiera correspondido el conocimiento del cobro de los alquileres, se halla dentro del distrito judicial de la corte de Humacao, pues el importe total y no de las varias causas de acción es el que determina la jurisdicción de la corte. Artículo 104 del Código de Enjuiciamiento Civil y caso de *Perea* v. *Castro,* 25 D.P.R. 105.

Pero la demanda no aduce hechos determinantes de causa de acción contra los subarrendatarios para cobrarles mancomunada y solidariamente el importe de los cánones de arrendamiento debidos por el arrendatario al arrendador porque el artículo 1455 del Código Civil sólo les impone obligación para con el arrendador por el importe del precio convenido en el subarriendo que se hallaren debiendo al tiempo del requerimiento, y si bien la demanda dice que se practicaron gestiones de cobro cerca de ellos, no expresa cuándo les fué hecho tal requerimiento para conocer desde cuándo nació su obligación para con el arrendatario ni que cuando fué hecho estuvieran adeudando cantidad alguna al subarrendador.

Resueltas las excepciones aducidas contra la primera causa de acción, examinaremos las alegaciones contra la segunda.

Para considerar la reclamación que se hace en la segunda causa de acción copiaremos algunos artículos del Código Civil que tienen relación con el asunto, los que dicen así:

"Art. 1458.—El arrendatario está obligado—

"1. * * *.

"2. A usar de la cosa arrendada como un diligente padre de familia, * * *."

"Art. 1464.—El arrendatario debe devolver la finca, al concluir el arriendo, tal como la recibió, salvo lo que hubiese perecido o se hubiera menoscabado por el tiempo o por causa inevitable.

"Art. 1465.—A falta de expresión del estado de la finca al tiempo de arrendarla, la ley presume que el arrendatario la recibió en buen estado, salvo prueba en contrario.

"Art. 1466.—El arrendatario es responsable del deterioro o pérdida que tuviere la cosa arrendada, a no ser que pruebe haberse ocasionado sin culpa suya."

Estudiando esos artículos, que son los 1561, 1562 y 1563 de nuestro anterior Código Civil Español, el Sr. Manresa en sus comentarios al Código Civil, tomo 10, págs. 582 a 588 (2ª ed.), dice lo siguiente:

"Dice el art. 1563 que el arrendatario es responsable del deterioro o pérdida que tuviere la cosa arrendada, a no ser que pruebe haberse ocasionado sin culpa suya.

"La recta inteligencia de este artículo exige, en primer lugar, que se fije la merecida atención en que el concepto de pérdida o deterioro a que alude, es un concepto relativo; hace relación concretamente al estado, en el cual la cosa debe ser entregada según los arts. 1561 y 1562. Es decir, que para saber si tal deterioro o tal pérdida existe, habrá que comparar el estado actual de la finca con aquel otro estado en el cual hay obligación de restituirla, pues sólo del resultado de esta comparación podrá surgir la responsabilidad del arrendatario.

"En segundo lugar debe tenerse en cuenta que el principio de la responsabilidad del arrendatario que formula, tiene una excepción en el mismo artículo contenida, que es la de que el deterioro o pérdida se haya ocasionado sin su culpa, excepción que concuerda con el final del art. 1561 cuando alude a que el menoscabo haya sido debido al tiempo o a causa inevitable. Nos encontramos aquí nuevamente con la hipótesis del caso fortuito: el arrendatario no ha

tenido culpa, el arrendatario no ha obrado dolosamente y, sin em-
bargo, el deterioro, pérdida o menoscabo ha tenido lugar: sólo a lo
que el art. 1561 llama causa inevitable, o lo que es lo mismo, al caso
fortuito es a lo que, en rigor, puede imputarse el perjuicio sobre-
venido. La irresponsabilidad del arrendatario no puede ser más
justa, según hemos visto en el párrafo anterior, en el que también
hemos demostrado que el Código no hace más que aplicar la doc-
trina general de las obligaciones.

"Pero al art. 1563 no se limita a eximir de responsabilidad al
arrendatario en los casos fortuitos, sino que añade una circunstancia
más en las palabras relativas al mismo arrendatario '*a no ser que
pruebe* haberse ocasionado sin culpa suya,' pues con tales palabras
arroja la carga de la prueba sobre el repetido arrendatario. ¿Debe
ser esto así? ¿Hay alguna especialidad en esta disposición, o, por
el contrario, es conforme a los principios generales de derecho?

"No ha faltado jurisconsulto (el ilustre Duvergier) que ha esti-
mado que, según el derecho común, es el arrendador quien debe
probar que las pérdidas o deterioros son debidos a culpa del arren-
datario, para exigir responsabilidad a éste.

"No lo considera así nuestro Código, según hemos visto, y al
proceder de tal manera no hace más que ajustarse a los principios
generales de contratación que en otro lugar ha establecido. En
efecto, el art. 1183 dice que siempre que la cosa se hubiese perdido
en poder del deudor, se presumirá que la pérdida ocurrió por su
culpa y no por caso fortuito, salvo prueba en contrario, y sin per-
juicio de lo dispuesto en el art. 1096. El art. 1096, en la parte
aplicable, alude a la responsabilidad del deudor por razón de los ca-
sos fortuitos cuando se constituyó en mora.

"No bastará, pues, al arrendatario alegar que las pérdidas o de-
terioros son debidos a caso fortuito; será absolutamente preciso que
lo pruebe, pues tanto vale probar que no ha habido culpa de su
parte, como dice el art. 1563, como probar el caso fortuito.

"Por otra parte, incumbe la prueba de las obligaciones al que
reclama su cumplimiento, y la de su extinción al que la opone,
dice el art. 1214, y si el arrendador exige la devolución de la cosa
en el estado en que debe ser restituida y prueba tal obligación del
arrendatario con el contrato de arrendamiento, y el arrendatario
opone que la cosa no debe ser devuelta en ese estado, sino en otro
distinto, debe a su vez probarlo también: esto, sobre ser lógico, es
consecuencia directa del art. 1214.

"  "* &ast;     &ast;     &ast;     &ast;     &ast;     &ast;     &ast;

"Hemos visto ya la extensión de la responsabilidad del arren-

datario por razón de los desperfectos de la cosa, según los artículos 1561 al 1564. Una de las causas de esos desperfectos y aún de la total pérdida puede ser el incendio.

"Ni en los artículos que comentamos ni en ningún otro prevé el Código semejante caso, de donde deducimos que, por los principios expuestos y por el precepto del art. 1568 en relación con la doctrina general de obligaciones, debe en nuestro derecho resolverse esta cuestión en la práctica.

"El asunto es, sin embargo, demasiado importante y ha sido sobradamente discutido para que omitamos una indicación de sus principales términos, debiendo advertir que, en realidad, esta materia lo mismo puede estimarse que corresponde a este lugar que al comentario del art. 1568, por lo que cuando a éste lleguemos nos remitiremos a lo que ahora expongamos.

"Como dice Pacifici-Mazzoni, la cuestión se empezó a discutir entre los intérpretes del derecho romano, preguntándose si corresponde al arrendador probar que el incendio ocurrió por culpa del arrendatario, o si es éste el que debe probar que no medió culpa de su parte; mientras unos, siguiendo a Alfeno, sostenían que *incendium sine culpa fieri non possit*, y de acuerdo con Paulo, que *plerumque incendia culpa fiunt inhabitantium*, acabando por admitir la presunción de que el incendio ocurre por culpa del arrendatario y que, por lo tanto, éste debe indemnizar; otros, por el contrario, fundándose en el principio de *nemo proesumitur in culpa* y en otros textos de Ulpiano concluyeron que debía ser cargo del arrendador el probar que en el incendio había habido culpa del arrendatario.

"Llevada la cuestión en estos términos al Código de Napoleón, su art. 1733 dijo que el arrendatario es responsable en caso de incendio, a menos que pruebe que el incendio fué causado por caso fortuito, fuerza mayor, o por vicio de construcción, o que el fuego se comunicó por una casa vecina. Y el tribuno Jaubert explicando estos preceptos los calificaba de reglas sabias, conservadoras de la propiedad, la cual el arrendador no tiene medios de vigilar. Estas reglas, añade, son la prenda más segura de la exactitud del arrendatario, del cuidado que debe tener respecto de su familia y de sus servidores. Por lo demás, la ley no establece más que una presunción: esta presunción puede ser destruída por una prueba en contrario; pero la presunción debe ser establecida contra el arrendatario, porque, de una parte, el arrendador no tiene medio alguno de prevenir ni de evitar el accidente, y de otra, los incendios ocurren ordinariamente por faltas de los que habitan la casa.

"El criterio del Código francés fué censurado por los que entendieron que el art. 1733 limitaba la prueba en contrario del arrendatario a los casos que concretamente dicho artículo menciona, o sean los fortuitos, los de fuerza mayor, los de vicio de construcción y el de haberse comunicado el incendio por una casa vecina; pero, a decir verdad, es muy discutible si el expresado art. 1733 debe entenderse de un modo restrictivo o limitativo, o si, por el contrario, se le debe dar una inteligencia más amplia, estimando que la ley sólo señaló los casos más frecuentes y probables, aunque sin desconocer que pudieran presentarse otros en que no mediase culpa alguna del arrendatario. Esta última es la opinión de Laurent, y no parece desprovista de fundamento.

"Teniendo en cuenta estos datos, el Código italiano, en su artículo 1589, siguiendo los precedentes del sardo, añadió a los casos de irresponsabilidad del arrendatario enumerados por el Código francés, aquel otro en que pruebe que el incendio ha tenido lugar a pesar de la diligencia que un padre de familia cuidadoso tenga costumbre de practicar.

"Nuestro Código, como antes hemos indicado, no habla del caso de incendio; mas como no debe lógicamente pensarse que ha sido su propósito dejarlo sin solución en la práctica, hay que acudir en busca de ella, como también hemos dicho, a aquellos artículos que por la generalidad de su doctrina cabe estimar que lo comprenden. Estos artículos son los que comentamos y el 1568 y sus concordantes.

"Del examen en conjunto de todos ellos se deduce: que si el arrendatario es responsable del deterioro o pérdida que tuviese la cosa arrendada, *a no ser que pruebe haberse ocasionado sin culpa suya* (art. 1563); que si él mismo debe devolver la finca tal como la recibió, salvo lo que hubiese perecido o se hubiera menoscabado por el tiempo *o por causa inevitable* (artículo 1561), y que si cuando la cosa se pierde en poder del deudor, *se presume que la pérdida ocurrió por su culpa y no por caso fortuito* (art. 1568 en relación con los 1182 y 1183), es ineludible la consecuencia de que el arrendatario debe probar, para eximirse de responsabilidad, que en el hecho del incendio no ha habido por su parte culpa ni negligencia.

"La sentencia del Tribunal Supremo de 27 de octubre de 1905, Sala 3ª, se limita a declarar que debe sufrir el arrendatario las consecuencias de un incendio causado por descuidos y abandono por su parte.

"Resuelta la cuestión desde el punto de vista de los textos legales citados, únicos aplicables, no cabe discutir en nuestro derecho como en el francés ocurre, si los casos de irresponsabilidad del arrenda-

tario están o nó taxativa y restrictivamente señalados, pues aparece claro que siempre que el arrendatario demuestre estar limpio de toda culpa, su responsabilidad no llega a nacer, cualquiera que sea la causa del incendio.

"Estimamos, por lo tanto, que nuestro Código al hacer pesar la carga de la prueba sobre el arrendatario, concuerda sustancialmente con los francés e italiano, y que al seguir tal criterio, acomódase a los elementales principios de justicia, no introduciendo alteración ninguna en la doctrina general de las obligaciones, a pesar de la contraria opinión de Duvergier.

"Y no podía ser de otra manera, porque el hecho del incendio, aunque de realidad evidente, no es de tal naturaleza que lleve consigo la exención de culpa del arrendatario; tratárase de los daños producidos por una exhalación, y demostrándose que a esta causa eran debidos, no sería preciso entrar a discutir la parte de responsabilidad que al arrendatario correspondiera, porque es evidente que ni la conducta, ni la voluntad humana podían haber influido para nada en ese suceso. Pero el hecho del incendio no es de igual naturaleza; la negligencia, la culpa del arrendatario, hasta su mala intención, pueden haber sido causa del accidente, y como de él hace arrancar el arrendatario la extinción de su obligación de restituir la cosa, justo es que pruebe que está libre de toda culpa."

Estamos conformes con las atinadas razones y conclusiones del Sr. Manresa y poco o nada más podemos agregar a ellas, aunque diremos que el precepto de la ley es justo, pues al arrendatario le es fácil probar la causa del incendio excusable por estar la finca en su posesión por lo que puede conocer los hechos que lo originaron mientras que al arrendador, por no hallarse en esas circunstancias, le sería sumamente difícil probar que el incendio ocurrió por culpa o negligencia de su arrendatario y también porque un gran número de los incendios ocurren por descuido o negligencia del arrendatario.

Sentado lo que precede hay que llegar a la conclusión de que la corte inferior cometió error al estimar la demanda insuficiente por no alegar que el incendio ocurrió por culpa o negligencia del arrendatario, y consiguientemente que debería probarla.

Otra cuestión surge en este caso y es si también existe esa causa de acción contra los subarrendatarios, quienes han sido demandados con el arrendatario para que devuelvan la casa en las mismas buenas condiciones en que fué entregada o para que paguen el valor de las reparaciones que hay que hacerle.

Opinamos que también hay esta causa de acción contra los subarrendatarios porque el artículo 1454 del Código Civil dispone que sin perjuicio de su obligación para con el subarrendador, queda el subarrendatario obligado a favor del arrendador por todos los actos que se refieran al uso y conservación de la cosa arrendada en la forma pactada entre el arrendador y arrendatario; y como de acuerdo con la ley el arrendatario es responsable del daño sufrido por la casa con motivo de su destrucción o deterioro por incendio, también lo son los subarrendatarios para con el arrendador por los daños que ha tenido mientras la finca ha estado en su uso.

En vista de lo expuesto no hubo indebida acumulación de partes demandadas en la segunda causa de acción; ni la demanda es ambigua, pues claramente expresa que la casa ha sufrido daños por consecuencia de un incendio, por lo que se reclama que sea entregada en el mismo buen estado que se hallaba cuando el arrendamiento se hizo, o que se pague el importe de sus reparaciones.

Se alega también una indebida acumulación de acciones solamente para la segunda causa de acción por dirigirse contra el arrendatario y subarrendatarios, pero ya hemos dicho que todos los demandados son responsables de esa causa de acción.

*Debe revocarse la sentencia apelada* y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.

El Juez Asociado Sr. Hutchison firmó: "conforme con la sentencia."