ORTIZ, DEMANDANTE Y APELANTE, *v.* CLAUDIO, DEMANDADO Y APELADO.

No. 3286.—*Visto:* Junio 11, 1924.  *Resuelto:* Julio 23, 1924.

COBRO DE DINERO—ACUMULACIÓN DE ACCIONES.—No procede la nulidad de una sentencia en rebeldía registrada en una acción en cobro de dinero por el fundamento de indebida acumulación de acciones que son de la competencia de distintas cortes y requieren diferentes lugares para la celebración del juicio, pues aunque las dos causas de acción pueden celebrarse en distintos sitios, no requieren, sin embargo, diferentes lugares, toda vez que las acciones en cobro de dinero no tienen determinado sitio y pueden establecerse donde quiera que esté el demandado.

COBRO DE DINERO—SUMAS INFERIORES ACUMULADAS—ACUMULACIÓN DE ACCIONES—NULIDAD DE SENTENCIAS; CUÁNDO SE PUEDE PEDIR.—Las cortes de distrito tienen jurisdicción concurrente para conocer de demandas en que se reclaman sumas inferiores de dinero a la cuantía jurisdiccional de la corte si la suma total reclamada excede de quinientos dólares, pudiendo acumularse acciones por varias sumas de dinero y la indebida acumulación de acciones, si la hubo en este caso, no hizo nula sino anulable la sentencia dentro del término.

COBRO DE DINERO—SENTENCIAS EN REBELDÍA POR SUMAS LÍQUIDAS.—Es aplicable a un caso como el presente el párrafo 1 del artículo 194 del Código de Enjuiciamiento Civil, pues si bien el contrato en cuestión, que originariamente era uno de aparcería o cultivo del terreno y división de ganancias, las ganancias, sin embargo, llegaron a liquidarse y fueron pagadas según se alegó en la demanda.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), en una acción sobre nulidad de sentencia, desestimando la demanda, con las costas. *Confirmada.*

*R. Arjona Siaca*, abogado del apelante; *C. del Toro Fernández*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante como demandante en la corte inferior trató de anular una sentencia dictada contra él por varios fundamentos.

El primero fué que se habían acumulado dos causas de acción, una por $40.08, de la competencia de la Corte Municipal de Yauco, y otra por $516.63, y que requerían distintos lugares para la celebración del juicio. Se invoca el artículo 104 del Código de Enjuiciamiento Civil, párrafo 8. Es como sigue:

"Art. 104.—El demandante podrá acumular varias acciones en una misma demanda, cuando todas se derivan de:

  \*       \*       \*       \*       \*       \*       \*

"8. Las acciones así acumuladas deberán todas corresponder a una sola de estas clases, y afectar a todas las partes en el pleito; no habrán de exigir distintos lugares para la celebración del juicio, y deberán exponerse separadamente; pero una acción por arresto y persecución maliciosos, o cualquiera de estas causas, podrá acumularse a otra por ofensa o daño a una persona."

Es evidente que si bien las dos causas de acción pueden ser juzgadas en diferentes sitios, ellas no requieren distintos lugares. Las acciones en cobro de dinero no tienen sitio determinado y pueden establecerse dondequiera que se encuentre el demandado. Además, Yauco pertenece al distrito de Ponce y la corte de distrito tenía jurisdicción concurrente para conocer de la demanda por $40.08 si la suma total reclamada excedía de $500. Que pueden acumularse acciones por varias sumas de dinero ha sido resuelto en el caso de *Perea v. Castro,* 25 D.P.R. 105. Además, nos inclinamos al parecer de que la indebida acumulación de acciones no hizo nula la sentencia sino únicamente anulable dentro del término.

El segundo fundamento fué que el secretario no tenía derecho a dictar sentencia en rebeldía toda vez que la primera causa de acción no era por una cantidad líquida. El

contrato en cuestión aunque originariamente era uno de aparcería o cultivo del terreno y división de ganancias, sin embargo las ganancias llegaron a liquidarse y fueron pagadas al demandado y así se alegó en la demanda. Por tanto, el párrafo 1 del artículo 194 del Código de Enjuiciamiento Civil era aplicable.

*Debe confirmarse la sentencia.*