ERNESTO FERNANDO SCHLÜTER, haciendo negocios bajo el nombre comercial de SCHLÜTER & Co., SUCR., demandante y apelado, *v.* ONOFRE SOLANO, demandado y apelante.

No. 5043.—*Sometido:* Abril 4, 1930. *Resuelto:* Abril 24, 1931.

*F. Ramírez de Arellano,* abogado del apelante; *E. Campos del Toro,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El demandado en este pleito apela de la sentencia condenatoria dictada contra él y en su recurso alega para que la revoquemos, que la corte inferior cometió los dos siguientes errores: al estimar que tenía jurisdicción para conocer de la segunda causa de acción alegada en la demanda; y al ordenar que su contrademanda fuese eliminada.

■■ En la primera causa de acción expuesta en la demanda enmendada, que fué presentada en noviembre de 1927, se alega que el demandado suscribió y entregó al demandante en noviembre de 1926 varios pagarés por el valor de abonos que le fueron entregados, vencederos en mayo de 1927, siendo uno de ellos por $1,030.11, sumando todos la cantidad de $3,141.83, los que no han sido pagados; y en la segunda causa de acción se dice que el demandado ha tomado a préstamo al demandante la cantidad de $326.34 que ha sido pagada por el demandante a varias personas con la conformidad del demandado por los conceptos que especifica.

Las dos causas de acción ejercitadas por el demandante son acumulables de acuerdo con el artículo 104 del Código de Enjuiciamiento Civil porque ambas se refieren a contratos, y por esto el importe total de las dos reclamaciones es el que

debe tenerse en cuenta para determinar la jurisdicción de la corte, según hemos declarado en el caso de *Ramírez* v. *Muñoz,* 33 D.P.R. 362, y en el de *Perea* v. *Castro,* 25 D.P.R. 110.

■■ Con respecto al segundo motivo de error diremos que la contrademanda contiene dos causas de acción, interesándose por la primera que se declare nula una escritura de hipoteca otorgada por el demandado a favor del demandante el 17 de junio de 1922; que también se declare nulo un juicio ejecutivo hipotecario que como consecuencia de ella se está siguiendo en otra corte de distrito; y que bajo la inspección de la corte se verifique una revisión y examen de la cuenta corriente llevada entre las partes desde 1922 para que pueda llegar al conocimiento del verdadero saldo de la misma y ordene el pago del que resultare, por la parte que en justicia lo debiere.

En su segunda causa de acción se alega que desde 1924 al 1926 el contrademandante ayudó al contrademandado en la venta de sus abonos químicos prometiéndole recompensarle con una generosa comisión, promesa que no fué cumplida, y cuyos servicios valen razonablemente a razón de dos mil dólares cada año.

Dice el artículo 110 del Código de Enjuiciamiento Civil que la contestación del demandado contendrá una negación general o especial de los hechos esenciales de la demanda con los cuales no esté conforme el demandado y una exposición de cualquiera materia nueva constitutiva de oposición a la demanda o de reconvención (*counterclaim*). Y el artículo 111 dispone que dicha reconvención deberá ser a favor del demandado y en contra del demandante, siempre que respecto de ellos pueda dictarse en el juicio una sentencia separada, sobre dicha reconvención, y siempre que nazca de alguna de las causas de acción siguientes: 1, una causa de acción derivada de la transacción aducida en la demanda como fundamento de la reclamación del demandante, o relacionada con el objeto de la acción; 2, en una acción derivada de un

contrato, cualquiera otra causa de acción derivada también de un contrato y existente al establecerse la demanda.

Las varias causas de acción ejercitadas por el demandado en la primera causa de acción de su contrademanda referentes a que se declare nula la hipoteca que constituyó así como el juicio ejecutivo que se tramita en otra corte, y para que se haga una liquidación de cuentas entre las partes, no son pertinentes como contrademanda, de acuerdo con los preceptos legales citados, porque no se derivan de la transacción aducida en la demanda como fundamento de ella, que es el cobro de deuda reconocida en pagarés, ni están relacionadas con el objeto de la acción del demandante; ni tampoco proceden de contrato entre las partes.

No ocurre lo mismo con lo alegado en la segunda causa de acción de la contrademanda, pues fundada en un contrato de servicios prestados por el contrademandante al contrademandado por los cuales reclama su valor razonable, existente antes de ser entablada la demanda, es procedente de acuerdo con el No. 2 del artículo 111 citado, aunque el valor de esos servicios no haya sido determinado. 1 Bancroft's Pleading, página 553. Por supuesto, sólo estamos resolviendo que en una demanda en cobro de pesos puede alegarse como contrademanda otra acción del demandado para el cobro de dinero debido por un contrato de servicios.

*La sentencia apelada debe ser revocada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Señor Wolf no intervino.