MARCELINO ALVIRA y su esposa MERCEDES ROSA MOREIRA, demandantes y apelantes, *v.* BIENVENIDO ROBLES, demandado y apelado.

Núm. 8573.—*Sometido:* Febrero 9, 1943. *Resuelto:* Marzo 9, 1943.

*R. Arjona Siaca y Antonio Figueroa Rivera,* abogados de los apelantes; *Juan Nevares Santiago,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Robles demandó a Alvira en una acción en cobro de dinero ante la Corte Municipal, la cual dictó sentencia a favor de Robles por $159.85. Para hacer efectiva esta sentencia, el márshal embargó cierta propiedad perteneciente a Alvira. Más tarde, Alvira instituyó el presente caso ante la corte de distrito consistente en una sola causa de acción para declarar nula dicha sentencia por $159.85. En la súplica Alvira

solicitó no solamente que se dejase sin efecto la sentencia que le ordena pagar los $159.85, si que también el embargo sobre su propiedad, que él valora en $600, sea anulado, y que se le concedan los daños provenientes de dicho embargo en la suma de $400. La corte de distrito dictó sentencia a favor del demandado basándose en que el pleito envolvía una cantidad menor de $500, y en que por lo tanto no tenía jurisdicción sobre el mismo. El caso se halla ante nos en apelación de esa sentencia.

La causa de acción en este caso es la alegada nulidad de la sentencia por $159.85. No obstante, el demandante tiene derecho a alegar y probar en un caso de esta naturaleza, como una partida de los daños ocasionados, los daños causados a la propiedad embargada en la suma de $400. Examinando el caso desde el punto de vista de que la jurisdicción generalmente se determina por la cantidad reclamada en la demanda, interpretada en el aspecto más favorable para el demandante (*Donato* v. *Cruz,* 59 D.P.R. 534, 37 y casos allí citados), nos encontramos aquí con una reclamación que en efecto consiste de dos partidas, las cuales, al sumarse ascienden a más de $500. Por tanto este caso es análogo a aquellos en los cuales este Tribunal ha resuelto que cuando se acumulan debidamente varias causas de acción en una demanda, el total de las cantidades reclamadas en cada causa de acción es el que determina la cuestión de jurisdicción, aún cuando ninguna de las causas de acción por sí sola envuelva una cantidad suficiente para conferir jurisdicción a la corte ante la cual se radique el pleito. *Perea* v. *Castro,* 25 D.P.R. 105; *Ramírez* v. *Muñoz et al.,* 33 D.P.R. 362; *Schlüter* v. *Solano,* 42 D.P.R. 157.

*La sentencia de la corte de distrito será revocada y devuelto el caso para ulteriores procedimientos.*