# 97 DTA 180

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA

DARWIN J. TORRES PORTALATIN, LISANDRA COLON ARROYO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ANGEL ORTIZ GONZALEZ, LIZETTE COLON ARROYO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; MERCEDES ARROYO HERNANDEZ
Demandantes-Recurridos

v.

WILLIAMS HOSPITALITY GROUP, INC., HOTEL EL CONQUISTADOR; COMPAÑIA DE SEGUROS DESCONOCIDA, JOHN DOE Y RICHARD DOE
Demandados-Peticionarios

Núm. KLCE-97-00386

San Juan, Puerto Rico, a 21 de agosto de 1997

Panel integrado por su Presidente, Juez González Román y los Jueces González Rivera y Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

Williams Hospitality Group, Inc. y El Conquistador Partnership, L.P., haciendo negocios como El Conquistador Resort & Country Club, solicitan que se deje sin efecto una orden emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, en la cual se declara sin lugar una solicitud de traslado presentada por ellos.

Por los fundamentos que procedemos a exponer, se deniega la expedición del auto solicitado, se confirma la orden recurrida y se devuelve el caso para la continuación de los procedimientos.

El 19 de julio de 1996, el señor Darwin J. Torres Portalatín y otros presentaron una demanda contra Williams Hospitality Group, Inc. y el Hotel El Conquistador en la que alegan que hicieron reservaciones para disfrutar de unas vacaciones en el Hotel El Conquistador durante el período comprendido entre el 22 al 24 de julio de 1995; y que llegaron al hotel aproximadamente a la 1:30 p.m., el 22 de julio, y que en la recepción se les informó que las habitaciones asignadas no estaban limpias. Alegan que esperaron hasta las 11:00 p.m. cuando tuvieron que regresar a sus hogares, ante la negativa del hotel a brindarle acomodo. ■ Los demandantes alegaron haber sufrido daños a consecuencia de las actuaciones del hotel, por los cuales reclamaron compensación. ■

El 22 de octubre de 1996, el Tribunal de Primera Instancia, Sala Superior de San Juan, ordenó *motu proprio* el traslado del caso a la Sala Superior de Humacao. Posteriormente, el 11 de febrero de 1997 Williams Hospitality Group Inc. y El Conquistador Partnership L.P., sin someterse a la jurisdicción del tribunal, solicitaron una prórroga para contestar la demanda. Luego que la prórroga fue concedida, solicitaron el traslado del caso a la Sala de Fajardo, por surgir de las alegaciones de la demanda que se trataba de una reclamación de daños y perjuicios, que a tenor con la Regla 3.5 de las de Procedimiento Civil debía presentarse en el tribunal correspondiente a aquel en el cual la causa de acción tuvo su origen. Esta moción fue declarada sin lugar, por no existir una Sala Superior para ver asuntos civiles en Fajardo, según expuso el tribunal recurrido.

Williams Hospitality Group Inc. y El Conquistador Partnership L.P. solicitaron la reconsideración del referido dictamen, por entender que la Ley de la Judicatura de Puerto Rico de 1994 creó una sede del Tribunal de Primera Instancia en Fajardo, y que la *"nomenclatura o designación de tribunales en Tribunal Superior o Tribunal de Distrito es ya un anacronismo"*. Añadieron en su solicitud de reconsideración *"que ninguno de los siete demandantes reclama, individualmente, daños en exceso de $50,000.00 por lo que, de todas maneras, la competencia sobre el caso recae en el Tribunal de Primera Instancia de Fajardo"*. Plantearon que *"[c]omo el Tribunal de Distrito fue consolidado por la Ley de la Judicatura de 1994 con el Tribunal de Primera Instancia, según su Artículo 9.001, 4 L.P.R.A. sec. 23c., este caso debe ventilarse en...el Tribunal de Primera Instancia de Fajardo, no en Humacao"*. El tribunal recurrido declaró sin lugar la solicitud de reconsideración y, oportunamente, se presentó el recurso cuyos méritos pasamos a considerar.

Ante este Tribunal, Williams Hospitality Group Inc. y El Conquistador Partnership L. P. plantean que de la faz de la demanda surge que *"la causa de acción que ejercitan los demandantes tuvo su origen dentro de la demarcación territorial de Fajardo"* y que *"la cuantía que reclama cada parte demandante no alcanza la suma de $50,000.00"*, por lo que solicitan se deje sin efecto la orden recurrrida y se ordene el traslado del caso al Tribunal de Primera Instancia, Sub-sección de Distrito de Fajardo.

## II

Los planteamientos de los peticionarios requieren primeramente aclarar la reorganización del sistema judicial que contempla la Ley de la Judicatura de Puerto Rico de 1994. En particular, lo relativo a la abolición del Tribunal de Distrito y la creación de una sede del Tribunal de Primera Instancia en Fajardo. Asimismo, requieren examinar las reglas transitorias que establece la propia Ley y las que han sido aprobadas por el Juez Presidente del Tribunal Supremo de Puerto Rico.

El Artículo 2.001 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22c, dispone que el poder judicial de Puerto Rico constituirá un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración y que estará compuesto por el Tribunal Supremo como tribunal de última instancia, el Tribunal de Circuito de Apelaciones como tribunal intermedio, y por el Tribunal de Primera Instancia como tribunal de jurisdicción original general. Véase además, Artículo 5.001, 4 L.P.R.A. sec. 22m.

La Ley de la Judicatura de Puerto Rico de 1994 dispuso que el Tribunal de Distrito quedaría abolido en ocho años y que durante el período de su abolición permanecería como una subsección del Tribunal de Primera Instancia. Artículo 9.001, 4 L.P.R.A. sec. 23c. Asimismo, dispuso que la subsección de distrito estaría sometida a un proceso paulatino de abolición. *Ibid.*

Entre sus disposiciones tránsitorias, la Ley de la Judicatura de Puerto Rico de 1994 permite que el Tribunal de Distrito celebre sesiones en todos los municipios de Puerto Rico, según la necesidad

judicial lo requiera y de conformidad al proceso de su abolición. Artículo 9.101, 4 L.P.R.A. sec. 23i. Asimismo, establece que durante la existencia del Tribunal de Distrito, éste tendrá como sede de sus varias salas los municipios que hasta la vigencia de ésta le habían servido como tal, entre éstas Fajardo. *Ibid.* Por otro lado, dispuso que previa la aprobación de la Asamblea Legislativa, el Juez Presidente del Tribunal Supremo de Puerto Rico convertirá la sede del Tribunal de Distrito en una sede del Tribunal de Primera Instancia. *Ibid.*

Para lograr la efectiva implantación de la Ley de la Judicatura de Puerto Rico de 1994, el Juez Presidente del Tribunal Supremo de Puerto Rico dictó una serie de órdenes administrativas en las cuales se establecen reglas de transición. De esta forma, se adoptaron unas normas de administración que incorporaron los principios básicos de competencia territorial y sobre la materia vigentes antes de entrar en vigor la nueva Ley. Véase Orden Administrativa Núm. II de 20 de enero de 1995. En este sentido, se dispuso que los casos civiles y criminales, **con excepción de los del área que corresponderán a la nueva sede del Tribunal de Primera Instancia en Fajardo,** se continuarían presentando en la secretaría del tribunal en la que con anterioridad a la vigencia de la Ley de la Judicatura de Puerto Rico de 1994 se presentaban. *Ibid.*

Asimismo, ante la creación de una nueva sede del Tribunal de Primera Instancia en Fajardo, la Orden Administrativa Núm. VI de 20 de enero de 1995 estableció como *"paso intermedio una sala asignando la misma a un Juez Superior y una Secretaría que atenderá un número limitado de casos y asuntos".* Específicamente, esta orden establece las siguientes reglas tránsitorias de administración:

*"1. La sede del Tribunal de Primera Instancia en Fajardo estará compuesta por una sala a la cual le será asignada un Juez Superior y una secretaría.*

*2. La sede de Fajardo comenzará atendiendo **únicamente** los siguientes tipos de casos:*

*a) Casos en los que comparte competencia concurrente con el Juez de Distrito.*

*b) Asuntos de relaciones de familia.*

*3. Los demás casos civiles y criminales de la competencia de esta sede se continuarán presentando y dilucidando en el Centro Judicial de Humacao, el cual tendrá una ventanilla en Secretaría, para que los casos pertenecientes a la sede de Fajardo puedan ser presentados.*

*4. Cuando se presente un caso de la competencia de Fajardo en la nueva sede, que no pueda ser atendido en la misma, éste será aceptado y referido a la Secretaría de Fajardo en el Centro Judicial de Humacao. Esta última Secretaría notificará el recibo del caso a la parte presentante y le informará el número asignado. Se expedirán en ésta los emplazamientos o citaciones y continuará en la misma todo trámite ulterior del caso.*

*5. Cuando se presente en la Secretaría de Fajardo existente en Humacao un caso que pueda ser tramitado en la nueva sede, se observará el trámite dispuesto en el inciso 4 de esta Orden."* (Enfasis Suplido.)

Estas reglas tránsitorias entraron en vigor el 24 de enero de 1995, por un período de por lo menos un (1) año y se dispuso que las mismas serían objeto de evaluación periódica para ajustarlas a la reorganización paulatina del sistema. Al día de hoy estas reglas continúan vigentes y no han sido enmendadas.

Pasamos a considerar entonces el planteamiento relativo a la competencia por razón de cuantía. ∎

### III

Competencia es *"la manera en que se organiza, se canaliza el ejercicio de la jurisdicción que tiene el tribunal".* Lemar (Apolo Shopping Center), S.E. v. Vargas Rosado, **92 J.T.S. 37,** pág. 9364. De tal forma, las normas sobre competencia vigentes en Puerto Rico sólo persiguen la tramitación ordenada de los pleitos de modo que garanticen la solución justa, rápida y económica de éstos. Reglas 1 y 3 de las de Procedimiento Civil.

La más reciente modificación de los criterios de competencia se realizó con la aprobación de la Ley de la Judicatura de Puerto Rico de 1994. Según surge de lo antes expuesto, aunque la Ley de la Judicatura de Puerto Rico de 1994 establece el Tribunal de Primera Instancia como tribunal de jurisdicción original general y, a su vez, dispone la creación de una nueva sede del Tribunal de Primera Instancia en Fajardo, al momento el sistema está en una etapa de transición, según lo contempla la propia Ley. De esta forma, la Ley contempla que mientras subsista el Tribunal de Distrito se mantendrá en vigor el criterio de cuantía para determinar su competencia.

En este sentido, entre sus disposiciones tránsitorias, la Ley de la Judicatura de Puerto Rico de 1994 provee que durante el transcurso del período de abolición del Tribunal de Distrito, éste habría de atender concurrentemente con el Tribunal Superior, entre otros, de todo asunto civil en que la cuantía en controversia, reclamación legal o valor de la propiedad en disputa no excediera de cincuenta mil (50,000.00) dólares, sin incluir intereses, costas ni honorarios de abogado.

En el caso de autos, Williams Hospitality Group, Inc. y El Conquistador Partnership, L.P. plantean que para determinar la competencia debe considerarse la cuantía reclamada por cada uno de los demandantes y no la suma total de esas cuantías. Argumentan que en la demanda no se ejercitan diversas o distintas causas de acción de un demandante, por lo que no se pueden sumar las reclamaciones de los distintos demandantes. Señalan que *"[e]n la jurisdicción federal, donde la jurisdicción por diversidad de ciudadanía requiere que la causa de acción exceda de $50,000.00, 28 U.S.C. 1332, también se reconoce que se pueden sumar las distintas causas de acción que ejercite un demandante, aunque éstas individualmente no alcancen los $50,000.00, si sumadas exceden dicha suma, pero no se puede, sin embargo, a esos fines, sumar las reclamaciones de distintos demandantes."* ■ Sin embargo, no justifican porqué debe adoptarse esa regla en nuestra jurisdicción.

Para dilucidar esta cuestión debe considerarse que en la medida que el sistema judicial adelante el proceso de reorganización establecido por la Ley de la Judicatura de Puerto Rico de 1994, el planteamiento de los peticionarios pierde vigencia. Por otro lado los criterios jurisprudenciales elaborados en la jurisdicción federal, para determinar si se cumple con el requisito jurisdiccional de cuantía en casos de reclamaciones múltiples lejos de propiciar algún fin práctico, atentaría contra la economía y rápidez en la tramitación de los pleitos provocando controversias estériles. ■ Máxime si además se considera la realidad de la falta de la infraestructura necesaria en la sede de Fajardo. Véase la Orden Administrativa Núm. VI, *supra*.

Ante tales circunstancias, resolvemos que el importe total reclamado es el que debe ser considerado al evaluar la competencia por razón de cuantía. Adviértase que en cuanto al criterio rector para determinar la competencia por cuantía, reiteradamente el Tribunal Supremo de Puerto Rico ha señalado que es la reclamada de la faz de la demanda, interpretada en el aspecto más favorable para el demandante. *Polanco v. Tribunal Superior,* 118 D.P.R. 350, 355 (1987); *Alvira v. Robles,* 61 D.P.R. 512 (1943); *Donato v. Cruz,* 59 D.P.R. 534, 538 (1941). ■

## IV

Por los fundamentos antes expuestos se deniega la expedición del auto solicitado, se confirma la orden recurrida y se devuelve el caso para la continuación de los procedimientos. ■

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 97 DTA 180

**1.** En la demanda se incluyó como parte demandada a la compañía de seguros de nombre desconocido y a John Doe y Richard Roe.

**2.** Los demandantes reclamaron las siguientes sumas:

*"A. Darwin J. Portalatín Torres $35,000.00*

B. *Lisandra Colón Arroyo- $35,000.00*

C. *Sociedad Legal de Gananciales compuesta por Darwin J. Portalatín Torres y Lisandra Colón Arroyo- $15,000.00*

D. *Angel Ortiz González- $35,000.00*

E. *Lizzette Colón Arroyo- $35,000.00*

F. *Sociedad Legal de Gananciales compuesta por Angel Ortiz González y Lizzette Colón Arroyo- $15,000.00*

G. *Mercedes Arroyo González- $35,000.00".*

**3.** No existe controversia sobre el hecho que de la faz de la demanda surge que la causa de acción del caso del epígrafe tuvo su origen en Fajardo. A tenor con la Regla 3.3 de las de Procedimiento Civil la acción debe presentarse ante la sala correspondiente en Fajardo.

**4.** En apoyo citan los siguientes casos: *Airlines Reporting Corp. v. S & N. Travel, Inc.*, 857 F. Supp. 1043 (E.D.N.Y. 1994), confirmado en 58 F. 3d 857; *Arnold v. Truccoli*, 344 F.2d 842 (2d Cir. 1965); *Newton v. Inter-American, Inc.*, 48 F.R.D. 280 (D.C.La. 1969).

**5.** De hecho los criterios adoptados por la jurisprudencia federal a los que se refieren los peticionarios han sido objeto de crítica:

*"The rules relating to aggregating multiple claims to satisfy the amount in controversy requirement are in a very unsatisfactory state. The traditional principles in this area have evolved haphazardly and with little reasoning. They serve no apparent policy and their application turns on a mystifying conceptual test. Furthermore, although there has been a strong effort among the lower federal courts to liberalize the traditional rules, recent Supreme Court decisions have reemphazised old distinctions. "* (Enfasis Suplido.)

14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §3704 (1985).

Para críticas en igual sentido véanse: 1 James W. Moore's et al., *Moore's Federal Practice* ¶0.97 *et seq.* (2d ed. 1996); Moore & Wicker, *Federal Jurisdiction: a proposal to simplify the system to meet the needs of a complex society,* 1 Fla. St. U. L. Rev. 1 (1973).

**6.** Cfr. *Schluter v. Solano*, 42 D.P.R. 157 (1933); *Ramírez v. Muñoz*, 33 D.P.R. 362 (1924); *Perea v. Castro*, 25 D.P.R. 105 (1917).

**7.** Las partes deben identificar sus escritos conforme se dispone en la Orden Administrativa Núm. IV del 20 de enero de 1995:

*"ESTADO LIBRE ASOCIADO DE PUERTO RICO*
*TRIBUNAL DE PRIMERA INSTANCIA*
*SALA SUPERIOR DE FAJARDO EN HUMACAO"*