RAFAEL DEL VALLE SÁRRAGA, demandante y apelado, *v.* M. GONZÁLEZ & Co., demandada y apelante.

No. 4609.—*Sometido:* Febrero 8, 1929.  *Resuelto:* Junio 28, 1929.

*C. Coll y Cuchí,* abogado de la apelante; *Soto Gras* y *Díaz Collazo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Seis errores señala separadamente la parte demandada y apelante para pedir a esta corte que revoque la sentencia

dictada por la de distrito de San Juan, condenándola a pagar a. la demandante la suma de $1,398.67, y las costas del pleito. De los seis errores señalados sólo argumenta tres dicha parte en su alegato.

■ Por el primero se sostiene que la corte sentenciadora erró al no declarar con lugar las excepciones previas formuladas por la demandada, a saber: que la demanda no aduce hechos suficientes para determinar una buena causa de acción y que es imprecisa o incierta.

En la demanda se alega que el demandante es dueño de la casa de cuatro pisos No. 97 de la calle de Allen de esta ciudad de San Juan cuya planta baja tenía arrendada a la demandada, por canon mensual de cien dólares; que el 4 de septiembre de 1925 se originó un incendio en la dicha planta baja que la demandada dedicaba a almacén de muebles y otras mercaderías, y que una de las condiciones del contrato de arriendo fué la de que no se trabajaría en la casa con luz artificial, pactándose además que no se permitiría fumar ni usar ninguna otra materia que pudiera ocasionar fuego.

Se alega detalladamente la ocurrencia del incendio y los daños causados por el mismo en la casa, que se fijan en $2,500, y en el hecho 12 se dice textualmente:

"Que la culpa y negligencia de la demandada estriba en haber trabajado o permitir que se trabajara en el repetido almacén haciendo uso de luz artificial y que el uso de luz artificial por parte de la demandada, sus agentes, sirvientes, o empleados determinó el incendio que se alega anteriormente."

Argumentando su señalamiento de error dice la apelante en su alegato:

"En la demanda se afirma que las obligaciones entre demandante y demandado nacieron de una obligación contractual. La causa de acción del demandante por consiguiente, parece haber surgido independientemente de toda culpa o negligencia del demandado. Al mismo tiempo la demanda alega que los daños causados al demandante originaron en la negligencia y culpa del demandado. No es

posible establecer con certeza cuál de las dos causas de acción es la que se ejercita; y la acción por incumplimiento de contrato excluye la de daños y perjuicios por negligencia y viceversa.''

A nuestro juicio basta la mera lectura del resumen que dejamos hecho de la demanda, para concluir que de ella surge una buena causa de acción y que no existe la confusión a que se refiere la apelante.

El derecho a reclamar; se basa en el contrato, en la ley y en la negligencia de la demandada. Por virtud del contrato el demandante entregó a la demandada su propiedad y la demandada se hizo cargo de ella obligándose de acuerdo con la ley a usar la misma como un diligente padre de familia y a devolverla tal como la recibió (arts. 1458 y 1464 del Código Civil Revisado). Sufrió la casa arrendada a consecuencia de un incendio ocurrido según la demanda por culpa y negligencia de la demandada, y es evidente la obligación que ésta tiene de reparar el daño de tal modo ocasionado.

█ El segundo error se formula así:

La corte erró al declarar que la responsabilidad de los demandados en este caso aparece de los términos del contrato escrito solamente en relación con la jurisprudencia sentada por el Tribunal Supremo en el caso de *Ramírez* v. *Muñoz*, 33 D.P.R. 363.''

En su relación del caso y opinión, el juez sentenciador se expresó, en parte, como sigue:

"Los demandados admiten que el cuatro de septiembre de 1925 ocurriera el fuego de referencia, como a las cinco de la tarde, pero niegan que el mismo ocasionara averías en la construcción de la casa del demandante, y que hubieran estipulado en ninguna ocasión con el demandante de abstenerse de establecer instalación de luz artificial, aun cuando admiten que el día del incendio no existía allí la tal instalación, alegando que la razón por la cual no existía ésta era para la mejor conveniencia de los demandados. Admiten además los demandados la existencia de un contrato de arrendamiento, aun cuando varían las alegaciones en cuanto al canon de arrendamiento, alegando que primeramente era de ochenta y cinco dólares y que más tarde se aumentó hasta cien dólares mensuales. Lo relatado anteriormente es lo que aparece de las alegaciones.

"Ahora bien, de la prueba aparece que el Dr. del Valle es dueño del edificio No. 88 de la calle Allen, que arrendó la planta baja del mismo a los demandados, en virtud del contrato de arrendamiento presentado como prueba como Ex. 1 del demandado, y que dice así:

" 'Contrato de arrendamiento: Los señores M. González & Co. de San Juan, arriendan a don Rafael Del Valle Sárraga, por el término de un año, a partir de la fecha y por la suma de ochenticinco dollars, mensuales, pagaderos el día último de cada mes:

" 'La planta baja del edificio situado en Allen 88. Don Rafael del Valle Sárraga, depone todo derecho a utilizar el local citado, mientras esté en vigor este contrato.

" 'Los Sres. M. González & Co. se comprometen a entregar el local arrendado al vencimiento de este contrato, en las mismas condiciones en que lo han recibido, haciéndose responsables del importe de cualquier reparación por desperfectos sufridos en el edificio, durante el tiempo que lo utilicen.

" 'San Juan, P. R., octubre primero de 1922.

" (Fdo.)     R. del Valle Sárraga.
" ' (Fdo.)     M. González & Co.'

"Se probó la ocurrencia del fuego el día 4 de septiembre de 1925, que empezó entre las cuatro y media y las cinco de la tarde en el edificio de referencia, habiéndose iniciado en el almacén de los demandados. Se probó que hacía varios años que en el local ocupado por los demandados no se utilizaba luz eléctrica, en efecto, desde que se instalaron los demandados en el mismo; y que si bien había una instalación eléctrica, ésta no estaba conectada.

"De la prueba además aparece que el incendio ocurrió debido a la negligencia de uno de los empleados de la demandada. Existe algún conflicto de prueba en cuanto a si se habían acordado o no ciertas condiciones y estipulaciones entre las partes en cuanto a que en el local mencionado no habría de fumarse ni usarse fósforos o luz artificial. Para probar estos extremos tenemos la declaración del Dr. del Valle, demandante, y como corroborativa de ésta, la de su yerno, quien manifestó que tenía una tienda en el local contiguo a los demandados, en Allen No. 88, y que con tal motivo, al pasar varias veces por el establecimiento de los demandados, vió peones fumando cerca de la puerta, y les llamó la atención de que estaba prohibido fumar allí.

"Los demandados niegan la existencia de estas estipulaciones, y en realidad no aparecen del contrato, pero nos encontramos con que las declaraciones anteriormente mencionadas vienen a ser confirmadas

por la misma prueba que nos aportan los demandados de que allí no se conectan las luces eléctrica's, así como la declaración de los peones, quienes están contestes en que se les había prohibido fumar y utilizar luz en el local. Se trató de probar además que no 'se necesitaba la luz artificial porque ellos trabajaban solamente hasta las cinco de la tarde.

"Sea cual fuere la teoría de la Corte en este caso, entiendo que la responsabilidad de los demandado's en este caso aparece claramente de los términos del contrato presentado por los mismos demandados como prueba, y de acuerdo con la jurisprudencia establecida por nuestro Tribunal Supremo en el caso de Ramírez v. Muñoz, 33 D.P.R. 363, resuelto en junio 16 de 1924.''

No existe, a nuestro juicio, el error señalado. El asunto se complicó innecesariamente a virtud de las alegaciones en la demanda y de la prueba en el juicio sobre las estipulaciones referentes al no uso de luz artificial y a la prohibición de fumar.

Puede admitirse que el único contrato celebrado fué el transcrito en la parte de la opinión de la corte de distrito que hemos insertado en ésta, contrato que fué renovándose año tras año, variando sólo en cuanto al precio. Aun así, los demandados, dadas las condiciones del local arrendado y el uso a que lo destinaron, estaban en la obligación de ser muy cuidadosos y evitar todo aquello que pudiera ser causa de incendio.

La ley que rige sobre la materia en Puerto Rico, tal como quedó interpretada por esta Corte Suprema en el caso de *Ramírez v. Muñoz, 'supra,* sólo imponía al arrendador demandante bajo el contrato escrito presentado por la propia demandada como evidencia, el deber de probar el incendio y los daños sufridos a consecuencia del mismo. Era a la sociedad demandada como arrendataria a la que incumbía demostrar que estaba libre de culpa. Parece conveniente transcribir lo que sigue de la opinión de esta corte emitida por el Juez Asociado Sr. Aldrey en el repetido caso de *Ramírez v. Muñoz:*

" 'Estimamos, por lo tanto, que nuestro Código al hacer pesar

la carga de la prueba sobre el arrendatario, concuerda sustancial.
mente con los francés e italiano, y que al seguir tal criterio, aco-
módase a los elementales principios de justicia, no introduciendo
alteración ninguna en la doctrina general de las obligaciones, a pe-
sar de la contraria opinión de Duvergier.

"'Y no podía ser de otra manera, porque el hecho del incendio,
aunque de realidad evidente, no es de tal naturaleza que lleve con-
sigo la exención de culpa del arrendatario; tratárase de los daños
producidos por una exhalación, y demostrándose que a esta causa
eran debidos, no sería preciso entrar a discutir la parte de respon-
sabilidad que al arrendatario correspondiera, porque es evidente que
ni la conducta, ni la voluntad humana podía haber influido para
nada en ese suceso. Pero el hecho del incendio no es de igual na-
turaleza; la negligencia, la culpa del arrendatario, hasta su mala
intención, pueden haber sido causa del accidente, y como de él hace
arrancar el arrendatario la extinción de su obligación de restituir
la cosa, justo es que pruebe que está libre de toda culpa.'

"Estamos conformes con las atinadas razones y conclusiones del
Sr. Manresa y poco o nada más podemos agregar a ellas, aunque
diremos que el precepto de la ley es justo, pues al arrendatario le
es fácil probar la causa del incendio excusable por estar la finca en
su posesión por lo que puede conocer los hechos que lo originaron
mientras que al arrendador, por no hallarse en esas circunstancias,
le sería sumamente difícil probar que el incendio ocurrió por culpa
o negligencia de su arrendatario y también porque un gran número
de los incendios ocurren por descuido o negligencia del arrendata-
rio." Ramírez v. Muñoz, 33 D.P.R. 370.

Y en este caso no sólo dejó de probar el arrendatario lo
que le incumbía demostrar, sino que excediéndose el arren-
dador aportó prueba que llevó a la corte sentenciadora a
concluir que "el incendio ocurrió debido a la negligencia de
uno de los empleados de la demandada."

El tercer error que se argumenta se refiere a la prueba
de los daños. Hemos estudiado la evidencia practicada y
sostiene la sentencia. Sería alargar indebidamente esta
opinión exponer los detalles sobre el particular.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison está conforme con la
sentencia y el Juez Asociado Sr. Texidor no intervino.