Arturo Torrellas Ramírez, demandante y apelado, *v.* Sucn. de Pablo F. Torrellas Ramírez et als., demandados y apelantes.

Núm. 7942.—*Sometido:* Febrero 14, 1940. *Resuelto:* Julio 26, 1940.

F. *González Fagundo,* abogado de los apelantes; *José Sabater,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Al resolver una moción para desestimar el presente recurso por frívolo, este tribunal por voz de su Juez Asociado Sr. Wolf, 54 D.P.R. 525, se expresó así:

"....La tendencia general de la demanda es, conforme la leemos, que se trataba de una tentativa de recobrar de cada uno de los demandados la suma que éste adeudaba individualmente, luego de deducir las ganancias y de agregar los intereses. En la demanda se especifica la cantidad debida por cada uno de los demandados.

"Los apelantes en este caso excepcionaron la demanda por falta de jurisdicción, puesto que la suma a ser recobrada en cada caso era menos de la cuantía jurisdiccional necesaria para que una demanda pueda ser radicada ante una corte de distrito. Podemos agregar que al celebrarse originalmente el contrato entre las partes, todos ellos eran condueños de determinada hacienda; que se practicó una partición de terrenos entre dichos demandados, de suerte que cada uno de ellos, durante el litigio y antes, tenía el dominio de su parte.

"La corte inferior declaró sin lugar la excepción, manifestando que si bien la súplica de la demanda de ordinario no formaba parte de ésta, sin embargo, podía ser tomada en consideración en este caso,

y que en la súplica se solicitaba se condenara a los demandados a pagar solidaria y mancomunadamente la suma de $615.28.

"Dudamos seriamente que la demanda demuestre otra cosa que no sea una responsabilidad separada de parte de cada uno de los demandados. Sea ello como fuere, los hechos relativos a si los demandados responden colectiva o individualmente no son tan claros para que no se oiga a éstos en apelación sobre los méritos de su excepción."

El primer señalamiento es que la corte de distrito erró al declarar sin lugar una excepción previa de falta de jurisdicción por parte de dicha corte.

▮▮ La deuda de ninguno de los demandados ascendía a $500. La suma total adeudada por todos ellos importaba más de $500. Si las distintas causas de acción en cobro de las distintas cantidades envueltas se hubieran acumulado en una sola causa de acción contra un solo individuo en cobro de la suma total adeudada al demandante, la corte de distrito hubiera tenido jurisdicción. Véanse *Schlüter* v. *Solano*, 42 D.P.R. 157; *Ramírez* v. *Muñoz et al.*, 33 D.P.R. 362, y *Perea* v. *Castro*, 25 D.P.R. 110. El *ratio decidendi* en estos casos, a nuestro juicio, resuelve la cuestión suscitada por el primer señalamiento. Sea ello como fuere, el alegato de los apelantes ha dejado de convencernos de que la corte de distrito errara al declarar sin lugar la cuestión.

▮ El segundo señalamiento tiene más mérito. Es al efecto de que la corte de distrito erró por haber infringido los artículos 1090 y 1091 del Código Civil (edición de 1930). Esos artículos leen así:

"Artículo 1090.—La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación, no implica que cada uno de aquéllos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria.

"Artículo 1091.—Si del texto de las obligaciones a que se refiere el artículo anterior no resulta otra cosa, el crédito o la deuda se presumirán divididos en tantas partes como acreedores o deudores haya, reputándose créditos o deudas distintos unos de otros."

504

No hallamos evidencia satisfactoria de una obligación mancomunada y solidaria.

El tercer señalamiento es que la corte de distrito erró al conceder costas y honorarios de abogado. A nuestro juicio no debieron concederse estos últimos.

*La sentencia de la corte de distrito debe ser modificada de conformidad, y así modificada confirmada.*

El Juez Asociado Sr. De Jesús no intervino.