ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **JOSÉ GABRIEL FAGOT DÍAZ, et als.**<br><br>Recurridos<br><br>v.<br><br>**THE X SHOP, INC., UNIVERSAL INSURANCE CO., ONE ALLIANCE INSURANCE CORPORATION; A, B, C ASEGURADORAS y Fulano y Mengano**<br><br>Peticionarios | KLCE202301296 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**SJ2018CV10939**<br><br>Sobre:<br>Negligencia<br>Servicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece ante nos, One Alliance Insurance Corporation (One Alliance) y solicita la revisión de la *Resolución y Sentencia Parcial* emitida el 10 de mayo de 2023, notificada el 12 de mayo de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). En el dictamen recurrido, y en lo pertinente, el TPI denegó la *Solicitud de Desestimación por Prescripción* presentada por One Alliance.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos la *Resolución y Sentencia Parcial* recurrida.

## I.

Los hechos de este caso se remontan al 15 de diciembre de 2017, cuando el vehículo Honda HRV del 2016, propiedad del señor José G. Fagot Díaz y la señora Mayra L. Fuentes Matos (recurridos) estuvo envuelto en un accidente automovilístico. Como consecuencia de lo anterior, el vehículo fue transportado al taller

Número Identificador

SEN2024 _____

The X Shop Inc. (The X Shop), por recomendación de Universal Insurance Company (Universal), aseguradora de los recurridos.

El 19 de diciembre de 2018, el señor Fagot Díaz, la señora Fuentes Matos y la Sociedad Legal de Gananciales compuesta entre ambos presentaron una *Demanda* en daños y perjuicios, reivindicación de bien inmueble e interdicto posesorio en contra de The X Shop Inc. (The X Shop), Universal; A, B, C, como compañías aseguradoras, Fulano y Mengano. En la demanda, solicitaron recobrar la posesión del vehículo Honda HRV, propiedad de los recurridos, y reclamaron daños y perjuicios, por The X Shop privarlos del uso y disfrute de su vehículo.[1]

El 23 de agosto de 2019, los recurridos solicitaron al TPI enmendar la demanda a los efectos de incluir a One Alliance como parte demandada al ser la aseguradora de The X Shop. El foro primario lo permitió, por lo que el mismo día presentaron su *Demanda Enmendada.*

En respuesta, el 19 de diciembre de 2019, One Alliance presentó su *Contestación a Demanda Enmendada.* En su comparecencia, negó la totalidad de las alegaciones en su contra y arguyó, entre otras cosas, que para la fecha de los hechos contenidos en la demanda estos no tenían ninguna póliza de seguros vigente a favor de The X Shop. Por lo tanto, solicitaron al foro primario la desestimación de la reclamación en su contra.

Asimismo, el 15 de enero de 2020, One Alliance presentó *Moción de Desestimación por Prescripción,* en la cual arguyó que debía desestimarse el pleito, por los recurridos no sustituir el nombre ficticio de la aseguradora One Alliance y añadirlo como

---

[1] Las cuantías reclamadas en la demanda son las siguientes: una suma no menor de $75,000.00 en daños emocionales, más $282.00 en concepto de mensualidades sufragadas sin poder usar el automóvil; $3,384.00 en daños continuos por la falta de devolución del vehículo; el costo de la computadora del sistema de seguridad de las bolsas de aire ascendente a $776.28 y $609.81 en concepto de manejo y flete de las piezas ordenadas para reparar el vehículo.

demandado, alegadamente fuera del término prescriptivo. Además, señaló que, al paso de 20 meses desde la fecha de los hechos sin que se investigara el nombre de la aseguradora, denotaba dejadez e inacción, por lo cual One Alliance no debía ser penalizada, trayéndola al pleito de forma tardía, a raíz del descuido e inadvertencia de los recurridos.

El 22 de enero de 2020, los recurridos solicitaron al TPI enmendar la demanda nuevamente, a los efectos de alegar la existencia de daños continuos causados por The X Shop, al retener el vehículo propiedad de estos, desde el 8 de junio de 2018 al 11 de junio de 2019, fecha en la cual recuperaron su posesión. El tribunal autorizó la enmienda el 29 de enero de 2020.

El 11 de febrero de 2020, los recurridos presentaron *Oposición a Moción de Desestimación por Prescripción*, en la cual alegaron que el 6 de agosto de 2019, luego de culminado el descubrimiento de prueba, advinieron en conocimiento que la aseguradora de The X Shop era One Alliance. Además, reiteraron que solicitaron al foro primario permiso para enmendar la demanda para incluir a One Alliance como aseguradora de The X Shop, la cual fue autorizada. Asimismo, adujeron que los daños continuos comenzaron el 8 de junio de 2019 (la póliza de seguros emitida por One Alliance estaba vigente para esa fecha), cuando The X Shop no aceptó el pago de $500.00 en concepto del deducible de la póliza de seguros emitida por Universal. Finalmente, explicaron que, toda vez que los daños continuos cesaron el 11 de julio de 2019, cuando recuperaron la posesión del vehículo, desde esa fecha el término prescriptivo comenzó a transcurrir referente a la causa de acción de la cual solicitan indemnización. Así las cosas, el 24 de marzo de 2020, One Alliance presentó *Contestación a Segunda Demanda Enmendada.*

Luego de varios trámites, el 12 de mayo de 2023, el TPI emitió la *Resolución y Sentencia Parcial* que hoy revisamos. El foro primario

declaró Ha Lugar *la Solicitud de Sentencia Sumaria* presentada por Universal por estos haber consignado en el tribunal la cantidad de la cual eran responsables a la luz de la póliza vigente al momento de los hechos. Finalmente, declaró No Ha Lugar la solicitud de sentencia sumaria presentada por los recurridos y concedió a las partes treinta (30) días para presentar la prueba documental y testifical que desfilaría en la vista de daños.

En desacuerdo con el dictamen del TPI de denegar la solicitud de desestimación, el 30 de mayo de 2023, One Alliance presentó *Reconsideración de la Resolución y Sentencia Parcial.* Oportunamente, el 11 de junio de 2023, los recurridos presentaron *Oposición a Reconsideración de One Alliance (Entrada Núm. 183) y en Cumplimiento de Orden (Entrada Núm. 184).* El 10 de julio de 2023, notificada el 27 de octubre de 2023, el TPI denegó la reconsideración presentada por One Alliance.

Aun inconforme con el dictamen del TPI, el 21 de noviembre de 2023, One Alliance acudió ante este Tribunal de Apelaciones y alegó que el foro primario cometió los siguientes errores:

> Primer Error: Erró el TPI al no desestimar la causa de acción en cuanto a One Alliance, aplicando incorrectamente la normativa jurídica en cuanto a la omisión del demandante de sustituir a un demandado de nombre ficticio, por lo que la inclusión de One Alliance a la demanda enmendada no tiene un efecto retroactivo a la fecha de la demanda original y por lo tanto, se le incluyó fuera del término prescriptivo.

> Segundo Error: Erró el TPI al no desestimar la causa de acción en cuanto a One Alliance, aplicando incorrectamente la normativa jurídica en cuanto a los "daños continuados" pues el tiempo transcurrido durante la retención de un auto por falta de pago, en el ejercicio de un derecho, no puede considerarse un espacio de tiempo en el cual se esté actuando culposa o negligentemente.

El 29 de diciembre de 2023, los recurridos presentaron *Alegato en Oposición a que se expida auto de Certiorari solicitado por One Alliance Insurance Corp.*

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 211 DPR 821 (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.  No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

*certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Como se sabe, el que por acción u omisión le ocasionare daño a un tercero, interviniendo culpa o negligencia, estará obligado a reparar el daño causado.  Art. 1802 del Código Civil de Puerto Rico,

31 LPRA sec. 5141.[3]  Para instar esta causa de acción y reclamar la correspondiente indemnización por los daños sufridos, nuestro ordenamiento jurídico dispone que la parte agraviada cuenta con un término de un (1) año a partir de que se tiene conocimiento del perjuicio y se conoce quién fue la persona que se lo ocasionó.  Ello constituye la teoría cognoscitiva del daño.  *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425-426 (2011), citando las expresiones vertidas en *Padín v. Cía. Fom. Ind.*, 150 DPR 403 (2000).  Pasado el año establecido por ley, la causa de acción de daños y perjuicios prescribe, por lo que la demanda que sea presentada transcurrido el mismo deberá ser desestimada.  Art. 1868 del Código Civil de Puerto Rico, 31 LPRA sec. 5298.

Las acciones para exigir el resarcimiento del daño sufrido como consecuencia de la culpa o negligencia de un tercero poseen una vida limitada y se extingue una vez transcurrido el plazo estatuido sin que se interrumpa eficazmente. Artículo 1873 del Código Civil de Puerto Rico, 31 LPRA sec. 5303; *Rivera Prudencio v. Mun. De San Juan*, 170 DPR 149, 166 (2007). El propósito de la prescripción es fomentar el pronto reclamo de los derechos, a la vez que se protege al obligado de la eterna pendencia de un reclamo en su contra. La prescripción constituye un derecho sustantivo y acarrea la desestimación de cualquier demanda presentada fuera del término previsto para ello. *Íd.* Además, la prescripción sirve a la paz jurídica, a la seguridad general y al bien público. Son razones de utilidad social las que le sirven de fundamento, las cuales, no pueden quedar al arbitrio de los particulares. Ahora bien, se ha reconocido que la prescripción del derecho es lo excepcional. El ordenamiento jurídico favorece el ejercicio y la conservación de los

---

[3] El Código Civil de 1930 fue derogado por la Ley Núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020. Sin embargo, para propósitos de la adjudicación de este caso estaremos citando el Código Civil derogado, el cual estaba vigente al momento en que surgieron los hechos que dieron lugar a la presente controversia.

derechos mediante los medios interruptivos de la prescripción. *Galib Frangie v. El Vocero de P.R.*, 138 DPR 560, 566-567 (1995).

Por otro lado, la teoría cognoscitiva del daño establece que los términos para incoar una causa de acción comienzan a transcurrir cuando el reclamante conoce, o debió conocer, si hubiera empleado un grado razonable de diligencia, que sufrió daños y quién se los causó. Se ha reiterado que el verdadero punto de partida para computar el término prescriptivo para instar una acción de daños y perjuicios es la fecha en la que el agraviado supo del daño y pudo ejercitar su acción. Por lo tanto, el término para ejercer las acciones comienza a transcurrir, no cuando se sufre el daño, sino cuando se conocen todos los elementos necesarios para poder ejercer la acción. Se toma como verdadero punto de partida en una acción de daños la fecha en que el perjudicado conoció del daño, quién fue el autor, y, además, desde que éste conoce los elementos necesarios para poder ejercitar efectivamente su causa de acción. *CSMPR v. Carlo Marrero et als.*, supra.

## C.

La industria de seguros está revestida del más alto interés público. Por ello, es regulada ampliamente por el Estado. *Jiménez López et al. v. SIMED,* 180 DPR 1, 8 (2010); *Carpets & Rugs v. Tropical Reps*, 175 DPR 615, 632 (2009). Ello debido al papel que juega en la protección de los riesgos que amenazan la vida o el patrimonio de los ciudadanos. *Feliciano Aguayo v. MAPFRE*, 207 DPR 138, 149 (2021); *Rivera Matos v. Estado Libre Asociado de Puerto Rico*, 204 DPR 1010, 1019 (2020). Uno de los renglones mayormente reglamentado por el Código de Seguros de Puerto Rico es el perteneciente a las prácticas desleales y fraudes en el negocio de los seguros. Como parte de las prácticas desleales detalladas allí, se encuentran aquellas relacionadas al ajuste de reclamaciones. *Carpets & Rugs v. Tropical Reps*, supra, a la pág. 632. Véanse,

además, Arts. 27.010–27.270 del Código de Seguros de Puerto Rico, 26 LPRA. secs. 2701–2736.

El Código de Seguros de Puerto Rico regula, entre otros aspectos de la industria y de la entidad reguladora, el contrato de seguros. En específico, este cuerpo de normas define seguro como "el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". *Feliciano Aguayo v.* MAPFRE, supra, a la pág. 148; Art. 1.020 del Código de Seguros de Puerto Rico, 26 LPRA sec. 102. Los contratos de seguro tienen como característica esencial la obligación de indemnizar y son de extrema buena fe. *OCS v. CODEPOLA*, 202 DPR 842, 859 (2019). Esto es, que se requiere un extremo grado de buena fe en las negociaciones precedentes a la perfección o consumación del contrato.

En atención al caso del epígrafe, se ha resuelto que "[p]ara que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros. La solidaridad debe haberse pactado expresamente, o al menos, debe surgir claramente del contenido del contrato que la relación entre las partes se constituyó con tal carácter". *Gen. Accid. Ins. Co. P.R. v. Ramos,* 148 DPR 537 (1999), que cita a *Torrellas v. Sucn. Torrellas*, 57 DPR 501 (1940). Por lo tanto, en los contratos de seguro, como en todo contrato, la solidaridad no se presume. Véase, Art. 1090 del Código Civil de 1930, 31 LPRA sec. 3101, y *Quílez-Velar v. Ox Bodies, Inc.,* 198 DPR 1079 (2017).

### III.

Por estar íntimamente relacionados, discutiremos en conjunto los señalamientos de error. En síntesis, One Alliance alega que erró el TPI al no desestimar la causa de acción contra ellos, al avalar que los recurridos omitieran sustituir el nombre ficticio en la demanda,

y que los añadieran como nuevos demandados fuera del término prescriptivo. Señala que, por hechos ocurridos el 8 de junio de 2018, los recurridos presentaron una demanda el 19 de diciembre de 2018, incluyendo como partes demandadas, entre otras A, B, C Compañías Aseguradoras. Enfatiza que, luego de pasados un año y varios meses desde la ocurrencia de los hechos, el 23 de agosto de 2019, los recurridos solicitaron al foro primario enmendar la demanda a los efectos de incluir a One Alliance como parte demandada, persona jurídica distinta de A, B, C Compañías Aseguradoras, y que nunca solicitaron la sustitución de los estos en la demanda.

Por otro lado, los recurridos alegan que, al tratarse de daños continuos, el término prescriptivo para solicitar el resarcimiento comienza a transcurrir cuando se verifiquen los últimos actos u omisiones o se produzca el resultado definitivo, lo que sea posterior. Señalan que en este caso, los daños fueron continuos desde el 8 de junio de 2018, hasta el 11 de junio de 2019, cuando adquirieron la posesión inmediata del vehículo objeto de la controversia. Además, que la fecha que debía considerarse para computar el término prescriptivo de la acción es la del 11 de junio de 2019, por lo que la enmienda a la demanda para incluir a One Alliance como demandado fue presentada dentro del término de un año. No les asiste la razón.

De conformidad con la controversia que atendemos, es menester reiterar que, en el contexto de los contratos de seguro, el Tribunal Supremo ha colegido que el término para presentar una causa de acción contra un asegurador, conforme al Código de Seguros, también es de un (1) año. Ahora bien, a pesar de que en dichos contratos la solidaridad no se presume y que un asegurador no figura como un cocausante del daño en el contexto de una demanda de daños y perjuicios en contra del asegurado, es claro

que la presunta víctima del daño tiene la obligación de presentar la demanda en contra del asegurado y su aseguradora dentro del término prescriptivo de un (1) año.

En el caso de epígrafe, los hechos ocurrieron el 8 de junio de 2018, por lo que el término de un (1) año para reclamar daños y perjuicios comenzó a transcurrir ese día, y vencía el 8 de junio de 2019. La demanda fue presentada por los recurridos el 19 de diciembre de 2018, dentro del término prescriptivo establecido en nuestro ordenamiento jurídico. **Posteriormente, estos solicitaron al TPI enmendar la demanda a los efectos de incluir a One Alliance como asegurados de The X Shop. Sin embargo, no solicitaron al tribunal la sustitución, sino que requirieron incluirlos como parte demandada, al ser la corporación de The X Shop**.[4] Así las cosas, entendemos que el término para enmendar la demanda para incluir a One Alliance había prescrito, toda vez que fue presentada el 23 de agosto de 2019, pasado un (1) año y aproximadamente dos (2) meses desde que ocurrieron los hechos. Aun cuando los daños hubiesen sido considerados por el TPI como continuos, la demanda original no contenía dicha alegación. Los recurridos solicitaron al foro primario enmendar la demanda para añadir daños continuos el 9 de enero de 2020, prescrito el término para añadir a One Alliance como tercero demandado, pues no solicitaron la sustitución y así consta en la demanda enmendada.[5]

---

[4] Véase, Apéndice del *Certiorari*, págs. 7-9. El documento presentado al TPI se titula: *Moción Solicitando Permiso para Enmendar Demanda para incluir a One Alliance Insurance Corporation como Parte Demandada al ser Aseguradora de X Shop y Solicitud para que se expida emplazamiento*.

[5] En la demanda original del 19 de diciembre de 2018, incluyeron como partes a los siguientes:

"**A, B, C Compañías Aseguradoras** son un nombre ficticio para designar una o varias otras compañías de seguro que para la fecha de los hechos alegados en esta Demanda habían emitido una o varias pólizas de seguro, vigentes y con cubierta a favor de X Shop y Universal Insurance y que responden solidariamente con sus aseguradoras. La parte demandante ha designado a dichas partes codemandadas con nombres ficticios por desconocer el nombre verdadero de dichas partes. **Una vez se conozcan sus verdaderas identidades se sustituirán con los nombres verdaderos conforme a derecho.**"

Por lo anterior, la causa de acción contra One Alliance, al estos no ser sustituidos conforme a derecho sino añadidos como demandados, estaba prescrita.

Surge de la demanda que una de las alegaciones es que One Alliance debía responder solidariamente por los daños que alegan causó The X Shop, al estos tener una póliza de seguros vigente a su favor para la fecha en que ocurrieron los hechos. No le asiste la razón. Para que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros. Dicha solidaridad debe haberse pactado expresamente o, al menos, debe surgir claramente del contenido del contrato que la relación entre las partes se constituyó con tal carácter. *Menéndez Lebrón v. Rodríguez Casiano*, 203 DPR 885 (2020).[6] Además, el Artículo 20.030 del Código de Seguros, dispone que, si bien el tercero perjudicado tiene disponible una acción de subrogación, luego de recibir una sentencia firme en contra del asegurado, esta protección estatutaria no implica que interrumpir la prescripción contra el asegurado surte efectos contra el asegurador. 26 LPRA sec. 2003. Lo contrario implicaría avalar, tácitamente, la existencia de una solidaridad legal en la relación contractual entre el asegurado y el asegurador. *Menéndez Lebrón v. Rodríguez Casiano,* supra. En este caso la póliza de seguros que obra en autos establece las relaciones jurídicas entre The X Shop y One Alliance. Ello así, porque el vínculo

---

Luego de enmendar la demanda, los recurridos incluyeron el párrafo anterior, junto al siguiente párrafo:

> "La **demandada One Alliance Insurance Corporation** ("One Alliance") es una compañía de seguro que para la fecha de los hechos alegados en esta Demanda Enmendada había emitido una o varias pólizas de seguro, vigentes y cubierta a favor de X Shop. A tales efectos One Alliance emitió una póliza de seguros 75-28-000001667-0, con periodo de cubierta desde el 29 de diciembre de 2017 hasta el 29 de diciembre de 2018. Por información y creencia, One Alliance es una corporación organizada bajo las leyes del Estado Libre Asociado de Puerto Rico, y está autorizada a efectuar negocios en Puerto Rico. La dirección postal del One Alliance es 270 Avenida Muñoz Rivera, San Juan, Puerto Rico 00918."

[6] Véase, además, *Gen. Accid. Ins. Co. P.R.,* supra, citando a *Torrellas v. Sucn. Torrellas*, supra.

entre ambos es de índole contractual. Del documento no surge un pacto expreso de solidaridad y es harto conocido que esta relación no admite presunción en el ámbito contractual.

Por todo lo anterior, entendemos que los señalamientos de error fueron cometidos. Es claro que no existe solidaridad legal entre un asegurado y su asegurador, según el Código de Seguros. Por lo tanto, concluimos que la demanda presentada por los recurridos no interrumpió la prescripción contra One Alliance. Así las cosas, y tomando en consideración que la demanda se presentó fuera del término prescriptivo dispuesto por ley, que no hubo una oportuna interrupción extrajudicial y que la sustitución de parte no se realizó conforme a derecho, la causa de acción contra One Alliance está prescrita. La determinación recurrida es contraria a derecho y bajo los criterios de la Regla 40 de nuestro Reglamento, resolvemos expedir el recurso de *certiorari* y revocarla. Ello, con el objetivo de evitar un fracaso de la justicia.

**IV.**

Por los fundamentos anteriormente expuestos, expedimos el auto de *certiorari* y revocamos la *Resolución y Sentencia Parcial* recurrida. Por consiguiente, se desestima la causa de acción en contra de One Alliance y devolvemos el caso al TPI para la continuación de los procedimientos.

Lo acordó este Tribunal y lo certifica la Secretaría del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones