Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| DIANNE NIEVES GONZÁLEZ<br><br>Apelante<br><br>v.<br><br>DR. ROBERTO PEGUERO, VETERINARIO, FAJARDO MEDICAL HOSPITAL Y OTROS<br><br>Apelados | TA2025AP00514 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm.: FA2024CV00351<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

En un caso de alegada mala práctica veterinaria, el Tribunal de Primera Instancia ("TPI") desestimó, por prescripción, en cuanto a la aseguradora del veterinario. Según explicamos a continuación, concluimos que, aunque esta causa de acción está prescrita, la desestimación debió ser sin perjuicio, pues, si la demandante obtuviese sentencia firme a su favor, por disposición expresa del Código de Seguros, tendría disponible una acción posterior contra la aseguradora para reclamarle a esta el pago de la indemnización hasta el límite de la cubierta pertinente.

I.

El 22 de abril de 2024, la Sa. Dianne Nieves González (la "Demandante" o "Apelante") presentó por derecho propio una reclamación, sobre daños y perjuicios (la "Demanda"), contra el Dr. Roberto Peguero (el "Veterinario"), una aseguradora desconocida y otros.

En síntesis, la Demandante alegó que su perro, llamado Greco Vizcarrondo Nieves (el "Perro"), falleció el 23 de abril de 2023, mientras recibía atención médica del Veterinario, debido a un diagnóstico de fallo renal. Sostuvo que el Veterinario fue negligente en el diagnóstico y tratamiento del Perro, en atención a un informe de necropsia realizado por la Dra. Alexia Simeonidis, médico veterinaria, que indicó que el Perro falleció a causa de un fallo cardiorrespiratorio, ocasionado por dirofilariasis (gusano del corazón). El 29 de enero de 2025, la Demandante compareció a través de representante legal.

Luego de varios trámites, **el 16 de junio de 2025**, la Apelante instó una *Demanda Enmendada.* Ello con el fin de incluir como demandada a Zurich American Insurance Company (la "Aseguradora"), quien se alegó es la aseguradora del Veterinario. En su moción al respecto, la Demandante sostuvo que, en la acción inicial, había incluido en el epígrafe una aseguradora cuya identidad se desconocía y que, a través del descubrimiento de prueba, pudo identificarla.

El 20 de agosto, la Aseguradora presentó una *Moción Solicitando la Desestimación por Prescripción en Cuanto a Zurich American Insurance,* bajo la Regla 10.2(5), 32 LPRA Ap. V, R. 10.2(5) (la "Moción"). Subrayó que, desde la necropsia al Perro hasta que se reclamó en su contra, habían transcurrido más de dos años, ello sin que antes se presentase alguna reclamación extrajudicial o judicial. Por ello, arguyó que la reclamación en su contra estaba prescrita y debía desestimarse.

La Demandante se opuso a la Moción; sostuvo que, desde la Demanda original, se había incluido a la "compañía aseguradora" como surgía claramente del epígrafe. Adujo que no se presentó una alegación por su nombre en contra de la Aseguradora debido a que

en ese momento el nombre era desconocido.  Indicó que, tan pronto se conoció el nombre, solicitó se permitiese enmendar la Demanda.

Mediante una Sentencia notificada el 7 de octubre (la "Sentencia"), el TPI desestimó, con perjuicio, la reclamación en contra de la Aseguradora.  El TPI razonó que incluir "compañía aseguradora" en el epígrafe de la Demanda, sin más, no interrumpió el término prescriptivo en contra de la Aseguradora.

En desacuerdo, el 4 de noviembre, la Demandante presentó el recurso de apelación de referencia; formula el siguiente señalamiento de error:

> PRIMER ERROR: ERRÓ EL TPI AL DESESTIMAR POR PRESCRIPCIÓN LA DEMANDA EN CONTRA DE LA ASEGURADORA.

La Aseguradora presentó su alegato en oposición.  Resolvemos.

II.

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una reclamación sea desestimada por ciertas razones, entre ellas, el dejar de exponer una reclamación que justifique la concesión de un remedio.  El tribunal debe ponderar la moción de forma que se tomen "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-29 (2008).

Es importante tener en cuenta que el contenido de una demanda debe incluir "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio…".  Regla 6.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.  No es necesario entonces, que la parte demandante detalle minuciosamente en sus alegaciones lo ocurrido, sino que demuestre a grandes rasgos los méritos de su reclamación, mediante una

exposición sucinta y sencilla de los hechos. *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

Asimismo, una moción de desestimación al amparo de la Regla 10.2(5) procederá si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.*, 81 DPR 242, 266 (1959). En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota*, 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994).

### III.

"La prescripción extintiva es una institución de derecho sustantivo que extingue el derecho a ejercer determinada causa de acción". *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192 (2016). En otras palabras, la prescripción extintiva es materia de naturaleza sustantiva, regida por nuestro Código Civil. *Landrau Cabezudo y otros v. La Autoridad*, 215 DPR___ (2025), 2025 TSPR 7 a la pág. 14, citando a *Nevárez Agosto v. United Surety*, 209 DPR 346, 356 (2022); *SLG García–Villega v. ELA et al*, 190 DPR 799, 812 (2014); *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2012).

La prescripción extintiva "tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones". *Xerox Corp. v. Gómez Rodríguez*, 201 DPR 945, 952 (2019); *SLG Haedo-López v. SLG Roldán-Rodríguez*, 203 DPR 324, 336-337 (2019) (Citas omitidas). Véase, además, *COSSEC et al. v. González López et al.*,

179 DPR 793, 806 (2010). Lo anterior, "puesto que no se debe exponer a las personas toda la vida, o por largo tiempo, a ser demandadas. *SLG Haedo-López*, 203 DPR a la pág. 337 (Citas omitidas). Por consiguiente, "transcurrido el periodo de tiempo establecido por ley sin reclamo alguno por parte del titular del derecho, se origina una presunción legal de abandono". *Fraguada Bonilla*, 186 a la pág. 374. Véase, además, *Landrau Cabezudo y otros*, supra; *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1017–1018 (2008), citando a *García Aponte v. E.L.A.*, 135 DPR 137, 142 (1994).

En las acciones por daños, el término prescriptivo para presentar una reclamación, al amparo del Artículo 1536 del Código Civil, 31 LPRA sec. 10801, es de un año desde que el agraviado supo, o debió saber con razonable diligencia, del daño. Artículo 1204 del Código Civil, 31 LPRA sec. 9496. Véase, además, *SLG Serrano-Báez v. Foot Locker*, 182 DPR 824, 832 (2011). En general, "los plazos de prescripción comienzan a decursar cuando el legitimado activo conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona contra quien puede actuar". Artículo 1190 del Código Civil, 31 LPRA sec. 9482. Así pues, para que comience a transcurrir el término, es necesario que la persona perjudicada conozca del daño sufrido, quién se lo ha causado y los elementos necesarios para poder ejercitar efectivamente su causa de acción. *Fraguada Bonilla*, 186 DPR a la pág. 374 (Citas omitidas).

Ahora bien, "si el desconocimiento [de los elementos de la causa de acción] se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción". *Íd.*; *COSSEC et al.*, *supra*. A estos efectos, se le exige a la parte afectada la diligencia de una persona prudente y razonable, de manera que descubra los elementos necesarios para su causa de acción en un

tiempo razonable para, así, cumplir con los propósitos de la prescripción. Véase, *Vera v. Dr. Bravo*, 161 DPR 308, 330 (2004).

Comenzado a transcurrir el término, el Artículo 1197 del Código Civil establece que la prescripción se interrumpe:

> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. 31 LPRA sec. 9489.

Acontecida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo. Art. 1197 del Código Civil, ante. Véase, además, *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 496 (2024). Por el contrario, ante la ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que establece la ley. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1067 (2020).

En conexión, destacamos que, de ordinario, en acciones de daños y perjuicios, cuando coincide más de un causante de un daño, el agraviado deberá interrumpir la prescripción en relación con cada cocausante por separado, dentro del término de un año establecido. *Fraguada Bonilla*, 186 DPR a la pág. 389; *Maldonado Rivera v. Suárez*, 195 DPR 182, 210 (2016). Véase, además, Artículo 1104 del Código Civil, 31 LPRA sec. 9063; Artículo 1095 del Código Civil, 31 LPRA sec. 9054.

IV.

El Código de Seguros de Puerto Rico define el seguro como "el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". *Feliciano Aguayo v. MAPFRE*, 207 DPR 138, 148 (2021), citando el Artículo 1.020 del Código de Seguros de Puerto Rico, 26 LPRA

sec. 102.   Véase, además, *Menéndez, Velázquez v. Rodríguez*, 203 DPR 885, 900 (2019) (Opinión de Conformidad de la entonces Juez Asociada Sa. Rodríguez Rodríguez).

Respecto al alcance de la responsabilidad del asegurador frente al perjudicado, el Artículo 20.010 del Código de Seguros de Puerto Rico dispone que "[e]l asegurador que expidiere una póliza asegurando a una persona contra daños o perjuicios, [...] será responsable cuando ocurriere una pérdida cubierta por dicha póliza, y el pago de dicha pérdida por el asegurador será hasta el grado de su responsabilidad por la misma, con arreglo a la póliza, [y] no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia". 26 LPRA sec. 2001. Véase, además, *Menéndez, Velázquez*, 203 DPR a la pág.901.

Es contractual la naturaleza de la relación jurídica entre un asegurador y un asegurado, pues se rige por lo pactado en el contrato de seguros, que es ley entre las partes. *Menéndez, Velázquez*, 203 DPR a la pág.901, citando a *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 DPR 523, 531 (1999).  En atención a lo anterior, "[p]ara que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros". *Íd.*, citando a *Gen. Accid. Ins. Co. P.R.*, 148 DPR a la pág. 537; *Torrellas v. Sucn. Torrellas*, 57 DPR 501, 502-503 (1940).  Así pues, en los contratos de seguro, como en todo contrato, la solidaridad no se presume. *Íd.*, citando, en general, a *Quílez-Velar v. Ox Bodies, Inc.*, 198 DPR 1079 (2017).

Por otro lado, el Código de Seguros establece distintas maneras en que una persona perjudicada puede solicitar el resarcimiento correspondiente contra un asegurador o un asegurado.  El Artículo 20.030 del Código de Seguros de Puerto Rico, provee lo siguiente:

(1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La acción directa contra el asegurador se podrá ejercer solamente en Puerto Rico. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, sino que también la cuantía de la pérdida. Cualquier acción incoada conforme a esta sección estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

(2) En una acción directa incoada por la persona que sufriere los daños y perjuicios contra el asegurador, éste está impedido de interponer aquellas defensas del asegurado basadas en la protección de la unidad de la familia u otras inmunidades similares que estén reconocidas en el ordenamiento jurídico de Puerto Rico.

(3) **Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado**. 26 LPRA sec. 2003. (Énfasis suplido).

Así pues, de conformidad con esta disposición (26 LPRA sec. 2003), cuando una persona alega que ha sufrido daños y perjuicios causados por las acciones u omisiones culposas o negligentes de un asegurado, puede encausar su acción de tres formas distintas: (1) demandar al asegurador; (2) demandar al asegurado (acción directa), o (3) demandar al asegurado y su asegurador conjuntamente. *Menéndez, Velázquez*, 203 DPR a la pág. 903; *Savary et al. v. Mun. Fajardo et al.*, 198 DPR 1014, 1024 (2017); *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382, 393 (2016); *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 289 (1988).

Esta acción se caracteriza por ser "independiente, distinta y separada" de la reclamación extracontractual que tiene disponible el promovente en contra del causante de sus daños. *Savary et al.*, supra, citando a *Ruiz v. New York Dept Stores*, 146 DPR 353, 364

(1998). Véase, además, *SLG Albert-García*, 196 DPR a la pág. 390.

**Por disposición expresa de ley, cuando la persona se dirige contra el asegurado solamente, lo hace sin perjuicio de su derecho de luego instar una acción independiente contra el asegurador y reclamarle a éste el pago de la indemnización a que tiene derecho por sentencia firme contra el asegurado**. *Neptune Packing Corp.*, 120 DPR a la pág. 290. Véase, además, *Ruiz*, 146 DPR a la pág. 367-368. Cuando un tercero perjudicado solicita indemnización al asegurador solamente, su derecho está predicado en los términos de la póliza entre el asegurado y el asegurador. *SLG Albert García, supra*, pág. 393.

En fin, si el tercero perjudicado "opta por dirigir su acción solo contra el asegurado, **transcurrido el término prescriptivo de un (1) año y sin haber incluido en dicha demanda a una aseguradora de nombre desconocido, el reclamo contra la aseguradora está disponible únicamente luego de que exista una sentencia firme en contra del asegurado**". *Menéndez, Velázquez*, 203 DPR a las págs. 908-909.

V.

En este caso, aunque la Demandante mencionó a una compañía aseguradora en el epígrafe cuando presentó inicialmente la Demanda, **no hizo una alegación en contra de esta**. Por tanto, no cumplió con las exigencias de nuestro ordenamiento en torno a la figura del demandado de nombre desconocido. La Regla 15.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, exige taxativamente que, cuando se desconoce el nombre verdadero de una parte demandada, se "deberá hacer constar este hecho en la demanda **exponiendo la reclamación específica que alega tener contra dicha parte demandada**". Es cuando se le designa con un nombre ficticio y se hace una alegación específica en cuanto a dicha parte demandada cuyo nombre se desconoce que entonces, al

descubrirse el verdadero nombre, se puede hacer la enmienda correspondiente en la alegación.

En este caso, sin embargo, al no formularse alegación alguna contra la aseguradora mencionada en el epígrafe, la conclusión forzosa es que la Demanda se dirigió únicamente contra el Veterinario. Transcurrido el término prescriptivo de un año, la Demandante ya no tenía disponible incluir en la Demanda, como parte demandada, a la Aseguradora, mediante el mecanismo provisto por la Regla 15.4 de las de Procedimiento Civil, *supra.*

Ahora bien, ello no significa que la desestimación contra la Aseguradora sea con perjuicio. De acuerdo con el inciso (3) del precitado Artículo 20.030 del Código de Seguros, cuando una parte demandante únicamente reclama judicialmente al asegurado, dicha parte tiene disponible la acción independiente de subrogación, de obtenerse una sentencia final y firme en contra del asegurado. En efecto, lo que tiene la Demandante "disponible —conforme al inciso (3) del Artículo 20.030— es la certeza de que si en su día prevalece en el pleito podrá, *posteriormente,* presentar una acción contra el asegurador para cobrar su acreencia". *Menéndez, Velázquez,* 203 DPR a la pág. 908 (Énfasis en el original).

Se trata de que el tercero perjudicado se subroga en los derechos del asegurado para reclamar de la aseguradora la compensación disponible bajo la póliza de seguros. *Íd.*; 26 LPRA sec. 2003(3). El propio TPI correctamente reconoce en la Sentencia que, "si la víctima que sufrió los daños dirige su causa de acción sólo contra el asegurado y obtiene una sentencia final y firme contra éste, entonces, posteriormente, podría instar una acción en contra del asegurador para exigir el pago de la sentencia. Véase *Ruiz v. New York Dept. Stores*, 146 DPR 353, 367-368 (1998)".[1]

---

[1] Véase, *Sentencia Parcial,* Entrada 91 de SUMAC, pág. 3.

VI.

Por los fundamentos que anteceden, se modifica la Sentencia Parcial apelada, únicamente a los fines de disponer que la desestimación decretada, en cuanto a Zurich American Insurance Company, es sin perjuicio de la acción independiente a la que pudiese tener derecho la parte demandante de obtenerse una sentencia final y firme en contra del Dr. Roberto Peguero. Así modificada, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones